MICHAEL I. WALLACE *v.* STATE OF INDIANA.

[No. 2-775A169. Filed March 28, 1977. Rehearing denied May 19, 1977. Transfer denied September 15, 1977.]

*Richard L. Swartz, Reading and Swartz,* of Wabash, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Defendant-Appellant, Michael L. Wallace (Wallace) appeals from convictions of Theft and Conspiracy to Commit a Felony, to-wit: Theft, claiming that the trial court erred in allowing him to represent himself.

We reverse.

## FACTS

Wallace was charged June 7, 1974, with Theft and Conspiracy to Commit a Felony. At a proceeding two weeks prior to trial, Wallace requested an attorney. He was declared indigent and an attorney was appointed by the court. No record

was kept of this proceeding. The trial commenced November 19, 1974.

At trial, after the first witness had been called, the following exchange took place:

DEFENDANT: I would like to represent myself in the case. Would it be all right with the Court if Mr. Murphy still can be present and sit beside me?

THE COURT: Well, now, you're not going to go both ways on this, Mr. Wallace. You asked for an attorney, I appointed an attorney for you, he's here to represent you, and you can't go both ways on it.

DEFENDANT: I'll represent myself, then, Your Honor.

THE COURT: All right.

MR. MURPHY: Wait a minute, now. Do you want me to advise you as to . . .

THE COURT: No, you won't advise him. If he has you as his attorney, you're going to be his attorney. If he's going to represent himself, he will represent himself.

MR. MURPHY: Wait a minute. Do you understand what you are doing?

DEFENDANT: Yes, I do.

MR. MURPHY: Do you want me to stand by and advise you? I do it.

THE COURT: No, you are not going to stand by and advise him about anything. He's either going to have an attorney or he's not going to have an attorney.

DEFENDANT: I'll represent myself.

THE COURT: All right.

Wallace's attorney was excused, and Wallace acted as his own attorney throughout the trial.

No further discussion took place between the Court and Wallace as to his right to counsel and the consequences of the choice he was making.

The jury returned a verdict of guilty on both counts.

## ISSUE

Only one issue is presented for our review.

> Did Wallace knowingly and intelligently waive his right to counsel?

Wallace contends he did not knowingly, intelligently, and competently waive his right to be represented by counsel.

The State counters that Wallace knew he had a right to an attorney, but that he chose to assert his right to defend himself.

## DECISION

CONCLUSION—The record indicates Wallace did not knowingly and intelligently waive his right to counsel.

The Sixth Amendment to the U. S. Constitution[1] embodies two apparently antithetical Constitutional rights. A criminal Defendant has an absolute right to the assistance of counsel at trial. *Argersinger* v. *Hamlin* (1972), 407 U.S. 25; *Gideon* v. *Wainwright* (1963), 372 U.S. 335; *Fitzgerald* v. *State* (1970), 254 Ind. 39, 257 N.E.2d 305; *State* v. *Minton* (1955), 234 Ind. 578, 130 N.E.2d 226. He also has a right to dispense with the aid of counsel and proceed pro se. *Faretta* v. *California* (1975), 422 U.S. 806; *Placencia* v. *State* (1971), 256 Ind. 314, 268 N.E.2d 613.

In order to assert one of these rights, a Defendant must necessarily relinquish the other. The facts of this case squarely present the question of what constitutes a valid waiver of the right to counsel by a Defendant who chooses to conduct his own defense. Thus we are required to decide whether the record before us shows Wallace, knowing he had a right to have an attorney appointed for him, effectively waived his right to counsel.

---

1. The Indiana Constitution also provides for right to counsel in a criminal prosecution. IND. CONST. Art. I, § 13.

A criminal trial, like every trial, is an adversary proceeding which is governed by complicated rules designed to protect both the rights of the accused and the interests of the State. Justice Sutherland described the compelling need of an accused for the assistance of counsel in *Powell* v. *Alabama* (1932), 287 U.S. 45, 69 :[2]

> Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. If that be true of men of intelligence, how much more true is it of the ignorant and illiterate, or those of feeble intellect. If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense.

2. The right to counsel mandated by the Sixth Amendment is made binding on the states as a requirement of the Due Process Clause of the Fourteenth Amendment. Even if no Indiana cases determined this issue, we would be bound by the United States Supreme Court decisions on this subject. *Gideon* v. *Wainwright, supra.*

The United States Supreme Court has often expressed concern over the dangers of a defendant waiving right to counsel at trial, and the heavy responsibilities such a waiver places on the trial judge to assure himself the waiver is knowingly and intelligently made.

The landmark decision of *Johnson* v. *Zerbst* (1938), 304 U.S. 458, 465, clearly states the duty of the trial court:

The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused —whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. *While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.* (emphasis added) .

While an accused has a constitutionally protected right to counsel, he also has a companion right, seemingly inconsistent, to represent himself without the assistance of counsel. Counsel will not be forced on an unwilling defendant—freedom of choice in this regard is also protected by the Sixth Amendment. *Faretta* v. *California, supra.*[3]

So an accused has a constitutional right to either avail himself of counsel or represent himself. But if he chooses to represent himself, waiver of the right to counsel must be shown to have been made voluntarily, knowingly, and intelligently.

The trial judge must satisfy himself that the defendant understands the possible consequences of his decision:

> It is a long and well established principle that alleged waivers of such fundamental constitutional rights as the right to counsel and against self-incrimination will only be upheld after careful inquiry into their basis. *Johnson* v. *Zerbst* (1938), 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; *Brady* v. *U.S.* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed. 2d 747. The State bears the burden of showing that the accused was informed of his rights in clear and unambiguous language. *Miranda* v. *Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; *Williams* v. *Twomey* 11 Cr. L.Rep. 2502 (7th Cir. 1972). If an accused decides to waive these rights *he must be sufficiently aware of the consequences of what he is doing and he must make his decision voluntarily, knowingly and intelligently. Miranda* v.

---

3. It is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts. But where the defendant will not voluntarily accept representation by counsel, the potential advantage of a lawyer's training and experience can be realized, if at all, only imperfectly. To force a lawyer on a defendant can only lead him to believe that the law contrives against him. Moreover, it is not inconceivable that in some rare instances, the defendant might in fact present his case more effectively by conducting his own defense. Personal liberties are not rooted in the law of averages. The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of "that respect for the individual which is the lifeblood of the law." *Illinois* v. *Allen*, 397 US 337, 350-351, 25 L.Ed.2d 353, 90 S.Ct. 1057 (Brennan, J. concurring). *Faretta* v. *California, supra* at 834.

*Arizona, supra; Nacoff* v. *State* (1971), 256 Ind. 97, 267 N.E.2d 165; *Mims* v. *State* (1970), 255 Ind. 37, 262 N.E.2d 638. *Lewis* v. *State* (1972), 259 Ind. 431, 435, 288 N.E.2d 138, 140 (emphasis added).

Caution must be used in approaching the waiver of fundamental constitutional rights:

[I]n the case at bar we are dealing with no ordinary right but rather with a constitutional right of fundamental importance—the right to the assistance of counsel. Constitutional rights have occupied a sacred position in our legal system and rightfully so. The concepts, principles and rights embodied in both the United States and Indiana Constitutions command the most sensitive protection the courts can provide. In fact, protection of all constitutional rights is our most solemn duty.

Recognizing this duty, both this court and the U. S. Supreme Court have insisted that constitutional rights may not be waived except by the appellant himself, knowingly, intelligently and understandingly. *A heavy burden is borne by the state whenever it is claimed or alleged that a constitutional right of a defendant has been waived.* A silent record is not enough. *Miranda* v. *Arizona* (1966), 384 U.S. 436, 16 L.Ed.2d 694; *Gideon* v. *Wainwright* (1963), 374 U. S. 335, 9 L.Ed.2d 799; *Carnley* v. *Cochran* (1962), 369 U.S. 506, 8 L.Ed.2d 70; *State* v. *Minton, supra. Fitzgerald* v. *State, supra* at 46, 47, 257 N.E.2d 305, 311 (emphasis added).

And again in *Grubbs* v. *State* (1970), 255 Ind. 411, 418, 265 N.E.2d 40, 44:

[W]e point out that *a trial court must approach those stages of a proceeding at which fundamental constitutional rights attach with great concern and caution* and with an appreciation for the need to make a clear record of what takes place. This Court cannot infer a voluntary and intelligent waiver of such a right from a silent record. *Johnson* v. *Zerbst* (1938), 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. In stating the responsibility of the trial judge in these circumstances the Supreme Court of the United States said:

"The constitutional right of an accused to be represented by Counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without Counsel. This protecting duty imposes the serious and weighty responsibility upon the

trial judge of determining whether there is an intelligent and competent waiver by the accused. *While an accused may waive the right to Counsel, whether there is a proper waiver should be clearly determined by the trial court,* and it would be fitting and appropriate for that determination to appear upon the record." 304 U.S. at 465. (emphasis added).

So, whether there is a proper waiver "should be clearly determined by the trial court." The defendant must be made aware of the consequences of the choice he is making. As the Supreme Court put it in *Faretta*:

. . . he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Adams* v. *United States ex rel. McCann,* 317 U.S. at 279, 87 L.Ed. 268, 63 S.Ct. 236, 143 ALR 435. *Faretta* v. *California, supra* at 835.

With this concept of knowing and intelligent waiver in mind we turn to the record before us to determine if Wallace was aware of the consequences of his pro se representation.

Wallace's request to represent himself would appear at best equivocal:

DEFENDANT: I would like to represent myself in the case. Would it be all right with the court if Mr. Murphy still can be present and sit beside me?

The trial judge then insisted that Wallace either proceed with counsel or proceed pro se, that he could not "go both ways." At this point Wallace indicated his uncertainty by requesting standby counsel. But the crucial consideration is that Wallace was required to proceed pro se *without an explanation of the full consequences of his rejection of counsel.*

At no time was he asked if he were aware he was waiving an important constitutional right or the possible consequences of such a decision on his part.

With this record we have no choice but to conclude that there was not a knowing and intelligent waiver of Wallace's right to counsel.[4]

The State stresses that because Wallace had an attorney appointed for him by the Court, he was sufficiently aware of his constitutional right to counsel to waive it.

Waiver is usually defined as the intentional relinquishment of a known right or privilege. *Johnson* v. *Zerbst, supra.* The definition has two parts. The second part is satisfied, for it is true that Wallace knew of his right to counsel. However, a waiver is only effective if it is intelligently, knowingly and understandingly given. *Miranda* v. *Arizona* (1966), 384 U.S. 436. Merely making the defendant aware of his constitutional right to counsel is insufficient. The record must demonstrate that he is fully aware of the nature, extent, and importance of the right he has waived and the possible consequences thereof so "his choice is made with eyes open."

We are well aware that the record on its face shows Wallace was denied the right to "advisory" counsel. Because we reverse on the issue of lack of effective waiver of right to counsel and because Wallace did not allege the denial of advisory counsel as error, we need not decide whether Wallace was entitled to advisory counsel.

We would comment, however, that since the decision in *Faretta,* the role of advisory or standby counsel has been the subject of considerable discussion.[5] Although some states have

4. We are aware that the court in *Hayes* v. *State* (1973), 155 Ind. App. 472, 293 N.E.2d 204, found an effective waiver from a very meager record. As that case was decided before *Faretta,* and transfer was never taken, we do not feel bound by that decision.

5. Garrott, *Right of Self-representation,* 3 PEPPERDINE L. REV. 336 (1976); Moritz, *The Constitutional Pro Se Right,* 4 HOFSTRA L. REV. 449 (1976); 13. AM. CRIM. L. REV. 335 (1975); 29 ARK. L. REV. 546 (1976).

For an excellent pre-*Faretta* discussion of standby counsel, see Comment, *Self-Representation in Criminal Trials: The Dilemma of the Pro Se Defendant,* 59 CAL. L. REV. 1479 (1971).

decided the question,[6] the problem has not been resolved in Indiana. Neither has it been passed upon by the Supreme Court of the United States.

The American Bar Association recommends the appointment of standby counsel in cases in which there are complex charges or multiple defendants.[7]

Because the record demonstrates that Wallace did not knowingly and intelligently waive the right to counsel, this case is reversed and remanded for a new trial.

Sullivan and White, JJ., concur.

NOTE.—Reported at 361 N.E.2d 159.

6. *People* v. *Mattson* (1959), 51 Cal.2d 777, 336 P.2d 937.

7. American Bar Association Project on Standards for Criminal Justice, The Function of the Trial Judge. Approved draft 1972.

6.7 Standby counsel for defendant representing himself.
When a defendant has been permitted to proceed without the assistance of counsel, the trial judge should consider the appointment of standby counsel to assist the defendant when called upon and to call the judge's attention to matters favorable to the accused upon which the judge should rule on his own motion. Standby counsel should always be appointed in cases expected to be long or complicated or in which there are multiple defendants.