RICHARD P. GOFFE, JR. *v.* STATE OF INDIANA

[No. 3-876A198. Filed April 11, 1978.]

*Terry E. Johnston*, of Valparaiso, for appellant.

*Theodore L. Sendak*, Attorney General, *Susan J. Davis*, Deputy Attorney General, for appellee.

STATON, P.J.— A jury found Richard P. Goffe, Jr. guilty of rape while armed and rape.[1] In his appeal from the guilty verdict of the jury, he raises two issues for our review:

(1)  Did the trial court commit reversible error when it failed to advise him of his right to a pauper attorney?

(2)  Were the prosecutor's comments to the jury prejudicial?

We conclude that Goffe was not advised of his right to pauper attorney and that the prosecutor's comments to the jury were prejudicial. We reverse and remand for a new trial.

## I.

### Right to Counsel

Goffe was charged in a two count indictment on March 20, 1975. He was represented by private counsel at first, and he entered a plea of not guilty to each count. On September 22, 1975, Goffe's attorney requested permission to withdraw his appearance, and the trial court permitted the withdrawal on October 2, 1975. February 26, 1976, trial began; Goffe was without counsel throughout trial.

The record does not show whether the trial judge advised Goffe of his constitutional right to an attorney.[2] The record does reveal that Goffe was indigent at the time of trial and that the trial judge appointed pauper counsel for the purpose of perfecting an appeal.

---

1.  Goffe was sentenced on both counts even though there was only one offense. This was error. *Robbins v. State* (1968), 251 Ind. 313, 241 N.E.2d 148; IC 1971, 35-4.1-4-6 (Burns Code Ed.). The sentence and conviction for the lesser included offense of rape would be vacated were we not remanding the cause for a new trial.

2.  The judge certified that the record was complete and accurate. Later, the same judge filed with this Court an affidavit to "clarify the record . . . concerning the omnibus hearing and the hearing on the Defendant's trial counsel's Motion To Withdraw." Such a "clarification" is questionable in that it tends to impeach the verity of the certified record. However, the affidavit (which was never physically made a part of the record) was to no avail in the instant case because *even it* did not disclose the type of knowing waiver which is constitutionally imperative. Moreover, the trial judge stated in that affidavit that *Goffe in fact requested pauper counsel* in a telephone call several days before trial. The request was denied. Thus, despite any attempted "clarification," the record fails to support the State's contention that Goffe knowingly and intelligently waived his right to counsel.

Our inquiry could end with our ascertainment that Goffe did not waive his right to counsel. *See Wallace v. State* (1977), 172 Ind. App. 535, 361 N.E.2d 159, and cases cited therein. However, other aspects of the trial deserve comment in conjunction with Goffe's unwilling pro se representation.

## II.

### Prosecutorial Comments

Within the affidavit which was certified to this Court, the trial judge made the statement that:

> "Though Defendant did not have counsel at the time of the trial the Court feels that his Constitutional Rights were protected, that he received a fair and impartial trial, and that he, in fact, did testify at the trial. Again, the Court did help as much as possible throughout this trial."

We have examined the record, and we have found several indications that Goffe did not receive a fair and impartial trial. And, although the trial judge did intervene to some extent in the proceedings, he was not, nor could he have been, Goffe's advocate.

During voir dire examination of the jurors, the State referred to Goffe's self-representation.

> "MR. SUAREZ: You understand the defendant, any defendant has a right to be represented by counsel?
>
> THE JUROR: Yes.
>
> MR. SUAREZ: And in this case Mr. Goffe does not have counsel to represent him. Would you in any way hold it against the State of Indiana or sympathize with the defendant due to the fact that he is not represented?
>
> THE JUROR: I don't think so.
>
> * * *
>
> MR. SUAREZ: *The defendant has seen fit not to obtain counsel to represent him.*" (Emphasis added.)

Similar questions regarding jurors' feelings toward Goffe's not having counsel were propounded of each juror. Those questions included comments by the prosecutor such as the following:

"MR. SUAREZ: The fact that *Mr. Goffe has not chosen to obtain counsel to represent him, and doing it on his own,* would you in any way tend to sympathize with him and hold it against the State of Indiana?" (Emphasis added.)

* * *

"MR. SUAREZ: The fact that *Mr. Goffe has not obtained counsel to represent him and he is representing himself,* would you in any way hold it against the State of Indiana?" (Emphasis added.)

The judge then participated in voir dire. He prefaced such participation with an explanation that he was not representing the defendant, but rather was "representing the concept that he is in the courtroom and he is entitled to a fair trial. It would make it easier for the court if he had counsel with him. He does not have to."

The inference to be garnered by the jury from these remarks was that Goffe had waived his right to counsel. Yet, the silent record does not support the inference. Who can say what the result of such pointed reference to Goffe's self-representation was? There is some tenor in the remarks that Goffe had inconvenienced the State and the court by not being represented by counsel. We cannot, on appeal, presume that the statements by the prosecutor did not prejudice Goffe at the outset of the trial. Once a constitutional error (such as the failure to provide pauper counsel) is shown, prejudice is presumed. *Harris v. State* (1967), 249 Ind. 681, 231 N.E.2d 800; *Bauer v. State* (1973), 157 Ind. App. 400, 300 N.E.2d 364.

Additionally, the State referred to Goffe, *repeatedly* telling the jury, "You didn't make him do it. I didn't make him do it." Such statements presumed Goffe's guilt even before any evidence was presented; as such, the statements placed Goffe in a position of grave peril. *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843; *Swope v. State* (1975), 263 Ind. 148, 325 N.E.2d 193.

The trial judge did give some help to Goffe during trial. However, we cannot conclude, as he did, that Goffe's constitutional rights were protected or that Goffe received a fair and impartial trial.[3]

---

3. Goffe's testimony at trial certainly does not guarantee that he received a fair trial; with counsel, he might have declined to testify.

■ Goffe had an *absolute* right to be represented by an attorney; he should have been made aware of the possible consequences of going to trial without counsel. *Faretta v. California* (1975), 422 U.S. 806; *Argersinger v. Hamlin* (1972), 407 U.S. 25. We reverse and remand for a new trial.

Buchanan, C.J., (By designation), Concurs;
Hoffman, J., Dissents with opinion.

## DISSENTING OPINION

HOFFMAN, J. — The majority opinion reverses the judgment of the trial court on the grounds that defendant was not informed by the trial court of his right to pauper attorney and was prejudiced by certain comments made by the prosecuting attorney to the jury. Finding that I cannot agree with either of these grounds for reversal, I respectfully dissent.

IC 1971, 35-4.1-1-2(a) (Burns Code Ed.), provides, in pertinent part, as follows:

"The defendant shall not be called upon to plead until the court has advised him of his right to retain counsel and his right to be provided with counsel at public expense if he is financially unable to retain counsel as provided by law."

In the case at bar, defendant waived formal arraignment and entered a plea of not guilty to each count of the indictment. In so doing, defendant waived his right to be informed of his right to counsel under the provisions of IC 1971, 35-4.1-1-2, *supra.*

Moreover, the majority states that "[t]he record does reveal that Goffe was indigent at the time of trial* * * ." However, the record shows that defendant was notified of counsel's petition to withdraw. On October 17, 1975, more than four months prior to the date of trial, defendant appeared in person at the Omnibus Hearing. Furthermore, at no point up to the time of trial did the defendant indicate that he was without money, means, or credit to employ an attorney.[1] The only evidence presented at the time of trial was in cross-examination of

---

1. The affidavit of the trial judge to "clarify the record at the trial level" cannot be used to impeach the certified record. Accordingly, it is improper to consider the affidavit in resolving the issue presented on appeal.

defendant when he presented his defense. Such evidence was to the effect that defendant had been unemployed for four months. However, any evidence presented at this juncture of the proceedings is not timely. Consequently, I cannot agree that the record demonstrates "Goffe's unwilling *pro se* representation."

The majority opinion also states that certain comments by the prosecuting attorney deprived appellant of a fair and impartial trial. During *voir dire* examination, the State asked the prospective jurors whether they would in any way hold it against the State or would tend to sympathize with the defendant due to the fact that defendant was not represented by an attorney. However, the purpose of *voir dire* examination is to permit discovery of grounds for challenges for cause and peremptory challenges. *Hart v. State* (1976), 265 Ind. 145, 352 N.E.2d 712. A juror may be challenged for cause if he is biased or prejudiced for or against the defendant. IC 1971, 35-1-30-4 (Burns Code Ed.). The question asked the individual prospective jurors had as its purpose the discovery of any bias or prejudice the juror may have due to the fact a defendant is not represented by counsel. The question did not inject prejudicial matter into the case, and was therefore a proper question to put to the prospective jurors.

Additionally, I do not find in the remarks of the trial judge any prejudicial inference that defendant had inconvenienced the court by not being represented by counsel. Placed in context, the remarks of the trial judge prefatory to his participation in *voir dire* examination are as follows:

"Now, I am not an adversary. I am not here representing the defendant in any way, but it is my over-all function to see that everyone receives a fair trial including the defendant. So I am going to ask several questions here so that the court is assured that the defendant will receive a fair trial. But I don't want to give you the impression in any way that I am representing him. I am simply representing the concept that he is in the courtroom and he is entitled to a fair trial. It would make it easier for the court if he had counsel with him. He does not have to. So, I will have to participate a little bit in this voir dire examination."

These comments merely informed the jury why the trial judge was participating in *voir dire* examination.

Finally, it is improper to raise the statements of the prosecutor to the level of constitutional error so that prejudice may be assumed.

For these reasons I would affirm the judgment of the trial court.

NOTE — Reported at 374 N.E.2d 560.