Edward D. McDANDAL, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–278A59.

Court of Appeals of Indiana,
Second District.

May 29, 1979.

James R. Fleming, Public Defender, Kokomo, for appellant.

Theo. L. Sendak, Atty. Gen., Dennis K. McKinney, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

McDandal appeals his trial court conviction of assault and battery upon a police officer,[1] claiming that he was never advised of his right to counsel. McDandal was without counsel throughout the trial proceedings. We reverse for the reason that an effective waiver of the right to counsel cannot be inferred from a silent record.

In *Johnson v. Zerbst*, (1938) 304 U.S. 458, at 465, 58 S.Ct. 1019, at 1023, 82 L.Ed. 1461,

---

1. The statute in effect at the time was IC 35– 21–4–2 (Burns Code Ed. 1975).

the United States Supreme Court discussed the constitutional right to counsel and the trial court's responsibility in safeguarding this right:

> The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.

■ This waiver of the right to counsel must be made voluntarily, knowingly, and intelligently. Whenever an accused represents himself at trial, the record must demonstrate not only that he had knowledge of his right to counsel, but also that he proceeded without counsel, fully aware of the nature, extent, and importance of the right and the possible consequences of having waived it. *See, Wallace v. State,* (1977) Ind.App., 361 N.E.2d 159, petition to transfer denied, (1977) Ind., 366 N.E.2d 1176 (Pivarnik, J., dissenting).[2]

2. Although an accused has a constitutional right to appear *pro se,* the right of self-representation must be asserted within a reasonable time prior to the day of trial. The trial court has the discretion to deny a self-representation request made on the morning of trial. *Russell v. State,* (1978) Ind., 383 N.E.2d 309.

But where, as in *Wallace, supra,* the trial court specifically grants a self-representation request or, as in the instant case, the defendant is allowed to proceed to trial without counsel, the record must show that the defendant was expressly advised of both his right to counsel and the disadvantages of self-representation.

3. The trial court did not comply with the arraignment procedure prescribed by IC 35–4.1–1–2(a) (Burns Code Ed. 1975):

The defendant shall not be called upon to plead until the court has advised him of his right to retain counsel and his right to be provided with counsel at public expense if he is financially unable to retain counsel as provided by law.

■ The record at bar was certified by the trial court as complete and accurate. The following colloquy at McDandal's arraignment is the only reference to the right to counsel:[3]

*THE COURT:* Do you wish to get a lawyer?

*A.* Yea, well ah, all my funds are down in Louisiana at this present time.

*THE COURT:* Your what?

*A.* My funds, my money, I'm not, ah—

*THE COURT:* Well, do you understand the charge?

*A.* Yes.

*THE COURT:* Are you ready to enter a plea?

*A.* Yes, I am.

*THE COURT:* What is it.

*A.* Not guilty.

*THE COURT:* Not guilty. Set if for a hearing.

■ We agree with the United States Court of Appeals, Seventh Circuit, that merely asking a defendant if he wants an attorney is not sufficient to inform him of his right to counsel.[4] *Smith v. Lane,* (7th Cir. 1970) 426 F.2d 767, cert. denied, 400 U.S. 874, 91 S.Ct. 103, 27 L.Ed.2d 109.

4. An indigent accused must know not only that he has a right to be represented by counsel, but also that the court would appoint an attorney if he could not procure one through his own resources. *Smith v. Lane, supra.*

From McDandal's statement that all his funds were in Louisiana at the time, we cannot ascertain whether he had sufficient means to secure a private attorney. Certainly the trial court had a duty to inquire into the matter further. The trial judge himself apparently entertained some question as to McDandal's ability to hire an attorney, since he later appointed the Howard County Public Defender to perfect McDandal's appeal.

Our reversal in the case at bar, however, is not predicated on the trial court's failure to inform McDandal of his right to *pauper counsel.* Failure to inform an indigent defendant of his right to pauper counsel constitutes *reversible* error only where the record discloses that the defendant was indigent at the time of trial. *See, Goffe v. State,* (1978) Ind.App., 374 N.E.2d 560.

Thus, there being no indication anywhere in the record that McDandal was advised of the nature and full extent of his constitutional right to counsel, we cannot assume that he had such knowledge and that he deliberately chose to conduct his own defense. The case is therefore reversed and remanded for a new trial.

BUCHANAN, C. J., and SULLIVAN, J., concur.