**Jimmy Wayne MORGAN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 2–1180A367.

Court of Appeals of Indiana, Fourth District.

March 17, 1981.

John C. Wood, Deputy Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Jimmy Wayne Morgan appeals his conviction of Public Intoxication [1] for which he was sentenced to one year in prison. Morgan claims the court erred in failing to adequately advise him of his right to counsel and in proceeding to trial without Morgan having the benefit of counsel. In addition he claims there was insufficient evidence to support the conviction. We reverse because the record does not indicate a knowing and intelligent waiver of Morgan's right to counsel; therefore we do not address the sufficiency of evidence issue.

The defendant has a constitutional right to counsel. *Argersinger v. Hamlin*, (1972) 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530; *Bolkovac v. State*, (1951) 229 Ind. 294, 98 N.E.2d 250. Article 1, Section 13 of the Indiana Constitution also establishes a right to counsel for all persons charged with a criminal misdemeanor, regardless of whether the charge results in imprisonment. *Bolkovac, supra; Brunson v. State*, (1979) Ind. App., 394 N.E.2d 229. Thus the right to counsel clearly attaches to this misdemeanor prosecution for Public Intoxication. In *Johnson v. Zerbst*, (1938) 304 U.S. 458, at 465, 58 S.Ct. 1019, at 1023, 82 L.Ed. 1461, the United States Supreme Court discussed this constitutional right and a trial court's responsibility in protecting it:

The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an

---

1. I.C. 7.1–5–1–3 provides:
Public Intoxication—Prohibition—Penalty.—
It is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication.

intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.

 While it is well established that an individual in the setting of a criminal prosecution may waive this constitutional right to counsel, this waiver must be made voluntarily, knowingly, and intelligently. *McDandal v. State*, (1979) Ind.App., 390 N.E.2d 216. Whenever an accused represents himself at trial, the record must demonstrate not only that he had knowledge of his right to counsel, but also that he proceeded without counsel, fully aware of the nature, extent and importance of the right and the possible consequence of having waived it. *Id. Wallace v. State*, (1977) Ind. App., 361 N.E.2d 159, petition to transfer denied, (1977) 267 Ind. 43, 366 N.E.2d 1176 (Pivarnik, J., dissenting). Further the court should make an inquiry to determine the eligibility of the defendant for a court appointed counsel. *DeFrisco v. State*, (1972) 153 Ind.App. 609, 288 N.E.2d 576. In the present case, the trial record was certified by the trial court as complete and accurate. The only reference in it to Morgan's right to counsel came at his arraignment when the court advised Morgan and others *"en mass"* as follows:

> The Court: Are any of you under the age of eighteen years? Please be advised that you have the right to a speedy trial by an impartial jury, a right to be heard by yourself or your attorney, you're entitled an attorney if you can show the Court you cannot afford an attorney the Court will appoint one for you, you have a right to remain silent, a right to know the nature of the charge against you, its possible penalty and to have a copy of that charge, you have a right to confront witnesses for the State and subpoena witnesses on your behalf, and a right to a change of venue from the Court. Do you understand all those rights?
>
> Defendants present in Court this date including the Defendant, Jimmy W. Morgan, indicate their answer by nodding their heads.

Record 29–31. After reading the charge of Public Intoxication individually to Morgan, the court asked him if he wished to get a lawyer. Morgan's response was not audible to the court reporter. No further inquiry was made at trial as to whether defendant was represented by counsel, whether he wanted counsel appointed or could have counsel appointed. The court did nothing to determine if Morgan was fully aware of the possible consequences or disadvantages in waiving his right to counsel. Without more than the *"en masse"* reference, the record fails to indicate that Morgan was effectively advised of his right to counsel, the extent of that right, and the consequences or disadvantages in his self-representation. We cannot assume that he had such knowledge and that he deliberately chose to conduct his own defense; therefore, we cannot find a knowing and intelligent waiver. For this reason, the case is reversed and remanded.

 Despite the fact that we reverse and remand for the above reason, an additional matter requires our consideration. We note *sua sponte* that Morgan received an improper sentence, a fundamental error, which cannot be ignored on review. Further, when it appears on the face of the record, *Swinehart v. State*, (1978) Ind.App., 372 N.E.2d 1244, an improper sentence may be corrected by the court on appeal even though the issue was not raised in a motion to correct error. *See e. g. King v. State*, (1974) 161 Ind.App. 196, 314 N.E.2d 805. Morgan was convicted of Public Intoxication under I.C. 7.1–5–1–3 (Supp.1978) which reads:

> It is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication.

Under I.C. 35–50–3–3 a Class B misdemeanor is punishable by imprisonment of a fixed term of not more than one hundred eighty (180) days and a fine of not more than one thousand dollars ($1,000). Morgan was sentenced to one (1) year imprisonment at the

Indiana State Farm. This sentence is clearly invalid. The proper sentence of imprisonment in this case should have been for a term not more than one hundred eighty (180) days.[2]

The judgment is reversed and remanded.

CHIPMAN and MILLER, JJ., concur.

---

2. Thus, assuming Morgan was assigned to time earning Class I, he probably should have been released in January, 1981. *See* I.C. 35–50–6.