Earl NATION, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 2–281A36.

Court of Appeals of Indiana, Second District.

Aug. 2, 1982.

Robert W. Hammerle, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION FOR REHEARING

SHIELDS, Judge.

 In response to the state's petition for rehearing, we re-examine our opinion appearing at 426 N.E.2d 436, Ind.App. At 426 N.E.2d 437 we state:

"[T]he waiver of the right to the assistance of counsel must be shown to have been voluntarily, knowingly, and intelligently made. *Johnson v. Zerbst*, (1938) 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. It is the duty of the trial court to establish a record which shows that an accused who has elected to waive counsel and proceed *pro se* has done so voluntarily, knowingly, and intelligently. This court cannot infer a voluntary and intelligent waiver of this fundamental constitutional

right from a silent record. *Johnson v. Zerbst; Faretta* [*v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 462] *Grubbs v. State*, (1970) 255 Ind. 411, 265 N.E.2d 40; *Wallace v. State*, (1977) 172 Ind.App. 535, 361 N.E.2d 159.

"The record must affirmatively show the defendant was expressly advised of both his right to the assistance of counsel and the disadvantages of self-representation in clear and unambiguous language. *Mitchell v. State*, (1981) Ind.App., 417 N.E.2d 364; *McDandal v. State*, (1979) Ind.App., 390 N.E.2d 216; *Wallace v. State*.

"The record in this case is deficient under this standard. It fails to show the trial court informed Nation of his right to the assistance of counsel."

We reaffirm those statements with this additional explanation.

We agree, as articulated by Chief Judge Buchanan in his dissent, the record in this cause could support the inference Nation was aware of his right to counsel in that he had previously hired and been represented by counsel. However, we disagree it is illogical to insist the trial court directly and expressly advise Nation of that right as a condition precedent to his voluntary, knowing, and intelligent waiver of the right to counsel. We emphasize we are not referring to counsel of choice but of the right to counsel. Nation went to trial without counsel.

 We hold the record of the proceedings of a defendant who affirmatively seeks to exercise his right to proceed *pro se* and waive his constitutionally protected right to counsel must include, on its face, direct evidence the defendant has been advised in clear and unambiguous language, 1) of his right to counsel,[1] 2) the exercise of his right

1. Such evidence may include direct statements by the trial court, for example, at the time of arraignment or the time the right is sought to be waived, or a defendant's statement he knows of his right to counsel.

Also, contrary to the state's assertion, an accused's financial standing is irrelevant to the *right* to be advised of one's right to counsel.

Finally, the circumstances of this case are to be distinguished from a situation where a defendant engages in obstructionistic or manipulative conduct designed to disrupt sound judicial administration as, for example, a deliberate process of discharging retained or appointed counsel whenever his case is called for trial. *See generally German v. State*, (1978) 268 Ind.

to proceed *pro se* constitutes a waiver of that right,[2] and 3) of the disadvantages of self-representation. Whatever form the direct evidence may take, it may not be evidence from which the advice, waiver, and request are only inferrable.[3]

We appreciate the apparent harshness of this rule, but in fact deem it necessary and prophylactic. It is easily understood, easily applied, and easily enforced. It curtails a frequently used and misused claim of error. Thus its justification is to avoid having to probe ambiguity and imposing upon the time and resources of the courts.

It is in the sense of this rule that the record of the proceedings in this case is silent.

The record fails to show on its face, by direct evidence, that Nation was ever advised of his right to counsel and that a request to proceed *pro se*, if granted, would result in a waiver of that right.

Further, we find the record before us is deficient in showing Nation clearly and unequivocally exercised his right to proceed *pro se*. One factor, of course, that must be weighed is his lack of express advice and waiver of his right to counsel. But another factor, as important, coexists. The supreme court held in *Russell v. State*, (1978) Ind., 383 N.E.2d 309, 313, that a request to proceed *pro se* must be clear and unequivocal. Thus, half-hearted expressions of dissatisfaction with counsel and general references to self-representation do not constitute an adequate assertion of the right.

The colloquy between the trial court and Nation concerned Nation's dissat-isfaction with his previously employed counsel. When specifically asked by the judge if he would rather proceed *pro se*, Nation responded only that his present counsel should not represent him.[4] Whatever might be *inferred* from the record as a whole,[5] when the direct question of *pro se* representation was asked, *Nation* failed to clearly and unequivocally assert his right to proceed *pro se*.

Petition for rehearing is denied.

SULLIVAN, J., concurs.

BUCHANAN, C. J., dissents.

---

67, 373 N.E.2d 880; *Fitzgerald v. State*, (1970) 254 Ind. 39, 257 N.E.2d 305.

2. This advice must be met by a direct statement by the trial court, *German v. State*, (1981) Ind., 428 N.E.2d 234, or by the defendant's statement he knows he is waiving his right to counsel if he proceeds *pro se*.

3. For examples of similar positions, see Fla. Rules of Crim.Proc. 3.111(d)(4), Ill.Sup.Ct. Rule 401(a) N.C.G.S. 15A–1242.

4. "THE COURT: But you seriously believe that you would rather proceed Pro Se? That you would rather represent yourself?
 MR. NATION: The man told me that he didn't honestly think that he could help me out. And, therefore, I don't feel as though I should pay him. Therefore, I don't feel as though he should represent me."

5. For example, Nation responded in the affirmative to the statement and question by the court:
 "and, we will proceed to try this. Is that your wish, Mr. Nation."