**Billy Rae JACKSON,**
**Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 4–1181A167.**

Court of Appeals of Indiana,
Fourth District.

Oct. 25, 1982.

Andrew P. Sheff, Bennett & Sheff, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Billie Rae Jackson was charged with theft, IC 35–43–4–2, and conspiracy to commit theft, IC 35–41–5–2. After trial before a jury in Marion Municipal Court, Jackson was convicted of theft and acquitted of conspiracy to commit theft. His motion to correct errors was overruled and Jackson appeals his theft conviction.

Affirmed.

## ISSUES

1. Did Jackson knowingly, intelligently and voluntarily waive his right to representation by counsel?

2. Did the State present sufficient evidence to rebut the defense of entrapment?

3. Did the trial court err in sentencing Jackson?

## FACTS

Billie Rae Jackson was arrested by Indiana State Police after selling a stolen truck to State police operating an undercover "sting" operation. Testimony offered by the State disclosed Jackson had sold several stolen vehicles to the "sting" operators and had been eager to procure other vehicles for sale. As a result of these transactions, Jackson was arrested and prosecuted for theft and conspiracy to commit theft.

## DISCUSSION AND DECISION

■ The Sixth Amendment guarantees an indigent criminal defendant the right to representation by legal counsel. *Gideon v. Wainwright,* (1963) 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and by Art. 1, Section 13 of the Indiana Constitution, *Moore v. State,* (1980) Ind., 401 N.E.2d 676. Correlative to the right of representation is the right of a defendant to waive the assistance of counsel and represent himself if he chooses. *Faretta v. California,* (1975) 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562; *Russell v. State,* (1978) Ind., 383 N.E.2d 309.

■ The right to assistance of counsel is one of the most important and inviolable rights protected by our constitutions. Accordingly, waiver of the assistance of counsel must be shown to have been made voluntarily, knowingly and intelligently.

*Johnson v. Zerbst,* (1938) 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; *Morgan v. State,* (1981) Ind.App., 417 N.E.2d 1154. Waiver may not be inferred from a silent record. *Wallace v. State,* (1977) 172 Ind.App. 535, 361 N.E.2d 159.

■ The trial court must advise the defendant of his right to the assistance of counsel and the disadvantages of self-representation in clear and unambiguous language. *Mitchell v. State,* (1981) Ind.App., 417 N.E.2d 364; *McDandal v. State,* (1979) Ind.App., 390 N.E.2d 216. The court will engage in a presumption against waiver. *Nation v. State,* (1982) Ind.App., 426 N.E.2d 436.

Jackson's decision to proceed *in propria personna* with his defense was made known to the court in the following exchange during a pre-trial hearing:

MR. FISHER: There is some question as who represent (sic) this defendant. The last time he was in Court, Judge, I tried to interview him to get who his witnesses were and what the facts of the case were. He indicated to me he was not satisfied with the representation received from our office at our last trial.

JUDGE: That was Tim Wade, wasn't it?

MR. FISHER: Yes. That he said he didn't want our office representing him, that he wouldn't cooperate that he wouldn't answer any of my questions. A week ago I sent someone over from our office to interview him, but to get some more information. He wouldn't talk to that person. This morning, he won't talk to me again, he says he doesn't want me to do anything with his case. I wanted to straighten that out.

JUDGE: You understand, Mr. Jackson, you can't afford a lawyer, is that correct?

JACKSON: I can defend myself as good as these guys can.

JUDGE: Well, you want to defend yourself?

JACKSON: I'd appreciate it.

JUDGE: Well, I will do that, but only on the condition that Mr. Fisher sit there with you, and advise you during the trial.

JACKSON: Well, I don't want Mr. Fisher or anybody from this office to have anything to do with my case.

JUDGE: Well, you are not a lawyer, so you are going to need some advice. I mean I am going to do that for you. If you want to conduct your own defense, that's O.K., but you have got to have a lawyer present to advise you, you understand that?

JACKSON: Will he just sit there and say nothin'?

JUDGE: Well, he can advise you, if you don't want to listen to him, you don't have to. Is that O.K.?

JACKSON: Yeah.

Jackson was again informed of his right to representation by counsel at the opening of his trial:

JUDGE: O.K. Mr. Jackson, at the pre-trial conference you indicated that you wanted to represent yourself and you did not wish to have a Public Defender to represent you, do you still wish to proceed in that manner.

JACKSON: Uh, er.

JUDGE: Yes or No?

JACKSON: Yes sir, I do.

JUDGE: No, I informed you at the pre-trial that if you wished to do that and waived your right to be represented by an attorney that I would permit you to do that but I am going to have a Public Defender present in case you want any advice from him. But you understand he will not be representing you.

JACKSON: Yes sir.

JUDGE: And he's just available in case you want any advice from him. Do you have anything to say about that, Mr. Fisher?

MR. FISHER: I will abide by the wishes of the Court, Your Honor.

JUDGE: And, you understand, that if later, if you would be found guilty of this charge, you would not be able to say you were not represented by an attorney or that this attorney did not represent you fully because you have indicated to the Court that you wish to proceed on your own, do you understand that?

JACKSON: Yes I do, Your Honor.

Jackson now contends his waiver of assistance of counsel was not knowing, intelligent, and voluntary. Specifically, he argues the record does not show a valid waiver of his right to counsel. *Shelton v. State,* (1979) Ind.App., 390 N.E.2d 1048.

█ Waiver may be established by the trial court based upon the particular facts and circumstances surrounding the case, *including the background, experience and conduct of the accused.* Judge Garrard's comments in *Shelton* are appropriate to this subject matter:

Under these particular facts and circumstances, considering the background and experience of Shelton, the hearing judge did did not err in concluding that Shelton knew of his right to the assistance of counsel, understood the importance of counsel and the manner in which counsel could have been of assistance to him at this stage of the proceedings against him. While it is better practice for the trial judge to emphasize the importance of the assistance of counsel and that counsel would assist the accused in evaluating the state's case against him, the possible defenses, if any, to the charge and the advantages and disadvantages of the alternative pleas, the failure to so advise is not per se reversible error. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background experience and conduct of the accused. *Cooley v. U. S.,* (9th Cir. 1974), 501 F.2d 1249. The record, in the case at hand, adequately shows that Shelton was aware of the nature and importance of the right to the assistance and that he deliberately and intelligently chose to waive that right.

*Shelton,* 390 N.E.2d at 1051.

█ That Jackson was aware of his right to assistance of counsel is uncontroverted. The court refused to permit Jackson to proceed pro se until the consequences

of his decision had been explored. Jackson affirmed his knowledge of the benefits legal counsel could provide. Jackson also had a history of contact with the criminal justice system and recently had been through another criminal trial for the same offense.

To further protect Jackson's rights, the court appointed stand-by counsel to remain with Jackson throughout the trial should Jackson desire assistance or technical advice. Appointment of stand-by counsel is an appropriate prophylactic device when a defendant assumes the burden of conducting his own defense. *German v. State,* (1978) 268 Ind. 67, 373 N.E.2d 880. Thus, many of the disadvantages a lay person would suffer were obviated. We note paranthetically that Jackson was not completely unsuccessful. He was acquitted of one of the charges. Viewed in light of the facts and circumstances of this case we cannot say that Jackson's waiver was involuntary, unintelligent and unknowing.

### ENTRAPMENT

 Jackson argues entrapment was inserted into the proceedings as an affirmative defense and the State never introduced evidence to rebut the entrapment defense. *Townsend v. State,* (1981) Ind.App., 418 N.E.2d 554. Once the evidence includes a showing of police involvement in criminal activity, the entrapment defense is raised. *Harrington v. State,* (1980) Ind.App., 413 N.E.2d 622. Formal pleading of the defense is not required. *Silva v. State,* (1980) Ind.App., 410 N.E.2d 1342. However, it is incumbent upon the defendant to affirmatively raise the defense before the State is required to offer rebuttal evidence showing the defendant's predisposition to commit the crime. *Townsend, supra.*

 The existence of entrapping circumstances was undenied. Jackson's arrest resulted from a police sponsored "sting" operation. Officers posing as the owner and employees of a garage encouraged the sale of stolen automobiles. That is sufficient probative evidence to raise the entrapment defense. The burden of showing the criminal activity was not the result of law enforcement instigation shifted to the State. *Sowers v. State,* (1981) Ind.App., 416 N.E.2d 466.

 Sufficient evidence was presented to show Jackson was predisposed to steal vehicles. Testimony established Jackson initiated contact with the "sting" operators to sell stolen vehicles and repeatedly approached the undercover officers with stolen vehicles for sale. Even when told they were not interested Jackson attempted to sell stolen vehicles to police. From other testimony it is apparent Jackson was always eager to obtain and dispose of stolen vehicles without the prompting of police officers. From this the jury was entitled to conclude the impetus to commit auto theft resulted from Jackson's own predispositive intent.

### SENTENCING

 Jackson charges the trial court with error in sentencing him to a three year term of imprisonment rather than the presumptive two year sentence for class D felonies established by Ind.Code 35–4.1–4–7. He also contends the trial court erroneously ordered the sentence to run consecutively to a previous sentence.

Ind.Code 35–4.1–4–7 states:

(c) The court may consider these factors as aggravating circumstances or as favoring imposing consecutive terms of imprisonment:

. . . . .

(2) The person has a history of criminal activity.

The evidence presented at the sentencing hearing disclosed a lengthy history of criminal activity against Jackson, including several convictions under the offenses against property act. A history of criminal activity will support enhancement of the sentence, *Perry v. State,* (1980) Ind.App., 401 N.E.2d 792, imposition of a consecutive sentence or both, *Abercrombie v. State,* (1981) Ind., 417 N.E.2d 316. The trial court acted within its discretion. *Williams v. State,* (1979) Ind., 395 N.E.2d 239.

Judgment affirmed.

YOUNG, P.J., and MILLER, J., concur.