Larry HARDISON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–883A287.

Court of Appeals of Indiana,
Fourth District.

Nov. 18, 1985.

Rehearing Denied Dec. 20, 1985.

Charles R. Deets, III, Sandy, Deets & Kennedy, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Latrielle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Larry Hardison was convicted of theft, a class D felony. He appeals, raising several issues. Because we reverse and remand for a new trial we need only address the following issues: whether the trial court erred by failing to advise Hardison of the disadvantages of self-representation.

Hardison served as a director of the Knox Girls Softball League for several years. During that time he managed the League's bank account. In November of 1981, the newly-appointed treasurer discovered $961.49 was missing from the League's account. A check of past bank statements revealed that several checks for cash had been written against the account, all bearing the signature "Larry Hardison". Hardison maintained a former housemate had access to the checkbook and had forged the checks. Hardison was thereafter charged with theft.

Prior to trial, Hardison informed the court he was unable to pay the required retainer in order to secure private counsel. The trial court determined that Hardison was employed full time at a salary of $10.60 an hour and was not therefore entitled to court-appointed counsel. The court set the trial date and informed Hardison he would have to retain private counsel. Hardison did not employ an attorney and represented himself at trial. He was found guilty of the charge.

Hardison now claims the trial court erred in allowing him to proceed to trial without an attorney. In his motion to correct errors, Hardison stated: "The trial court erred in having the Defendant go to trial without the assistance of counsel." On appeal he characterizes the error as follows: "The trial court erred in permitting defendant to go to trial without the assistance of counsel without having advised the defendant of the disadvantages of self-representation." The state claims Hardison waived the advisement issue by failing to mention it specifically in his motion to correct errors.

Although Hardison's motion to correct errors was hardly a model of specificity, it was adequate to apprise the trial court of the alleged error and to preserve it for our review. Furthermore, we agree the trial court committed error in failing to advise Hardison of the dangers of self-representation.

An individual may waive the right to counsel in a criminal trial, as long as the waiver is made knowingly, voluntarily, and intelligently. *Johnson v. Zerbst* (1938), 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; *McDandal v. State* (1979), 180 Ind.App. 654, 390 N.E.2d 216. When the accused represents himself at trial, the record must demonstrate that he had knowledge not only of his right to counsel, but also of the nature, extent and importance of the right and the possible consequence of waiving it. *Morgan v. State* (1981), Ind.App., 417 N.E. 2d 1154.

In this case there is no indication that Hardison was advised of the consequences or disadvantages of self-representation. We were faced with a similar situation in *Morgan v. State, supra,* and held that an appellate court cannot assume the accused made a knowing, intelligent and voluntary waiver of his right to counsel from a silent record. We must reach the same result here. The record indicates Hardison was advised only as to the difference between a jury trial and a trial to the court, and that he waived a jury trial. R. at 26. We therefore reverse and remand for a new trial.

MILLER and CONOVER, JJ., concur.