**Carlos Stanley MAISONET, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45A03–9012–CR–534.**

Court of Appeals of Indiana, Third District.

Oct. 17, 1991.

Scott L. King, Crown Point, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Carlos Stanley Maisonet appeals his habitual offender enhancement.

One issue is raised for review: whether the trial court erred in not appointing co-counsel at the defendant's request at two different points in the trial.[1]

---

**1.** The dissent raises a different issue *sua sponte.* This issue addresses whether, prior to trial, the defendant was provided a hearing of the consequences of proceeding *pro se.* Since the record on appeal does not include a transcript of a hearing, the dissent claims a reversal is warranted due to a lack of evidence that the trial court fulfilled its obligations before allowing the defendant to proceed *pro se.*

Defendant elected to proceed *pro se* at trial. However, before trial began, the following colloquy took place:

> "[Defendant]: ... I was just wondering is it possible that I could be assigned co-counsel Kevin Relphorde to look up a little case history for me.
>
> [Court]: I would but he is in another trial. In fact, I'm having trouble getting him here for another trial that I have with him this week, but on the days that you're in trial and right now he is in trial in front of the Honorable Judge Conroy.
>
> [Defendant]: Okay, ... "

Clearly, this was not a request for counsel representation. Defendant simply wanted counsel Relphorde to do legal research for him. When he was told by the trial court that counsel Relphorde was not available, defendant showed no interest in having another attorney appointed. Therefore, the trial court did not err in failing to appoint legal representation for the defendant.

Before the habitual phase was to begin, the following transpired:

> "[Defendant]: Uhm, I'm really not familiar with this type of procedure so I couldn't tell you [if I have objections to the documents proving the prior convictions]. I wasn't prepared for an habitual hearing.
>
> \*      \*      \*      \*      \*      \*
>
> [Defendant]: Well, is it possible that I could be assigned a co-counsel?
>
> [Court]: At this stage?
>
> [Defendant]: Well—
>
> [Court]: I would say no. That's one of the reasons why we try to discourage you from representing yourself is because of the fact that you were looking at the habitual. With the jury seated here now it would not be possible for me to appoint outside counsel; that would almost necessarily require a con-

tinuance of this trial for a lengthy period of time.

> [Defendant]: That's not necessary.
>
> [Court]: I want to do what I can. I know you're saying it's not necessary, but I want to do what I can to make sure that you're satisfied that you are receiving a fair hearing.
>
> [Defendant]: Like I said before, Your Honor, I'm not really familiar with this type of procedure.
>
> [Court]: Yes, I understand that, but of course that's something you made a decision on when you asked to represent yourself."

Defendant argues that the "only fair reading of his request for 'co-counsel' was a reversal of his earlier decision to represent. himself." Certainly the above dialogue does not show any intention on the defendant's behalf to relinquish his *pro se* status and have counsel. Defendant only wanted co-counsel.

■ However, even if the above dialogue could be read as defendant suggests, the trial court did not err in refusing to appoint counsel representation. In *Koehler v. State* (1986), Ind., 499 N.E.2d 196, the court set forth five factors to be examined when determining whether to grant a *pro se* defendant's request to change from self- to counsel-representation. These factors, adopted from the court in *People v. Elliott* (1977), 70 Cal.App.3d 984, 139 Cal. Rptr. 205, are as follows: (1) defendant's prior history in the substitution of counsel and in the desire to change from self-representation to counsel-representation; (2) the reasons set forth for the request; (3) the length and stage of the trial proceedings; (4) disruption or delay which reasonably might be expected to ensue from the granting of such motion; and (5) the likelihood of defendant's effectiveness in defending against the charges if required to continue

---

However, a record of such a hearing was not necessary to decide the issue appealed. Therefore, it should not be presumed that a record of a hearing does not exist. Since defendant did not raise this issue, the State was not given an opportunity to address this issue by producing a

record of a hearing, if any. If a hearing was conducted but not recorded, the State should have had the opportunity to produce the record of the hearing pursuant to Ind. Appellate Rule 7.2(A)(3)(c).

to act as his own attorney. *Koehler, supra,* at 199.

The defendant in *Koehler* had requested counsel after the trial on the battery charge had concluded and before the habitual offender phase began. The court acknowledged that defendant's reasons were legitimate; defendant was unfamiliar with the legal intricacies of an habitual offender hearing. It was noted that defendant's *pro se* defense had been poorly performed at trial on the battery charge. Since the defendant had requested counsel at an opportune time, before the habitual offender phase began, and since there had been standby counsel for defendant during trial, the reviewing court held that defendant should have been allowed to have the standby counsel step in and represent him during the habitual offender phase. However, the Supreme Court specifically narrowed its decision to the specific facts of that case:

> "However, today's holding is limited to the rather special situation in which a defendant with standby counsel already at his side desires to turn over his defense under circumstances which do not disadvantage any of the other participants in the trial. A different result may be possible when the defendant does not have standby counsel prepared to assume representation without an interruption of the proceedings and the defendant's reassertion of his right to counsel does not occur at a natural break in the proceedings."

*Id.* at 199–200.

Although the defendant in this case requested representation at a natural break in the proceedings, after trial on the criminal deviate charge and before the habitual offender phase began, there was no standby counsel prepared to assume representation without an interruption of the proceedings. The trial court noted this fact while denying the defendant's request. As stated by the trial court, the jury was seated and to appoint counsel at that point in the proceedings would have required a continuance for a lengthy period of time. Appointment of counsel would have interrupted the

proceedings and caused an excessive delay. Therefore, the trial court did not err in refusing defendant's request for representation.

Affirmed.

SHARPNACK, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent. Upon denying Maisonet's request for co-counsel at the beginning of the habitual offender stage, the trial court stated: "That's one of the reasons why we try to discourage you from representing yourself...." Record, p. 220. Unfortunately, the record indicates that the trial court did not discourage Maisonet from proceeding without counsel. In other words, the trial court failed to elicit a knowing, intelligent and voluntary waiver of the right to counsel, contrary to the sixth amendment to the U.S. Constitution. *See Johnson v. Zerbst* (1938), 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; *Houston v. State* (1990), Ind., 553 N.E.2d 117.

The docket entry on the date Maisonet moved to proceed without counsel states:

> Defendant Carlos Maisonet appears in court with Public Defender Stanley Jablonski. Defendant moves that Public Defender be forced to withdraw his appearance in this cause and that he be allowed to proceed pro se. Public Defender joins in that motion. Motion is granted. Defendant is allowed to proceed pro se and the cause is affirmed for trial by jury on June 18, 1990.

Record, p. 19.

The sixth amendment to the U.S. Constitution guarantees to a criminal defendant the right to represent himself if he so chooses. *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. However, when a defendant elects to proceed pro se, the trial court must establish a record showing that the defendant was made aware of the nature, extent, and importance of the right to counsel and the consequences of waiving it. *McKeown v. State* (1990), Ind.App., 556 N.E.2d 3, 6, *trans. denied; McDandal v. State* (1979),

180 Ind.App. 654, 390 N.E.2d 216. The trial court did not establish such a record in this case, and we may not infer waiver of the right to assistance of counsel from a silent record. *Jackson v. State* (1982), Ind. App., 441 N.E.2d 29.

Although Maisonet did not raise this issue in his brief, the error is fundamental, and the Majority should consider it *sua sponte.* Maisonet's conviction and habitual offender enhancement should be vacated, and this cause remanded for a new trial.