**Dwayne B. SILVERS, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 285S66.

Supreme Court of Indiana.

Nov. 6, 1986.

Robert G. Andree, Jr., Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Petitioner Dwayne B. Silvers pled guilty on Aug. 1, 1983, to one count of murder, Ind.Code § 35–42–1–1 (Burns 1985 Repl.) and two counts of attempted murder, a class A felony, Ind.Code § 35–42–1–1, § 35–41–5–1 (Burns 1985 Repl.). Pursuant to his plea agreement with the State, Silvers was sentenced to concurrent terms of imprisonment of 35 years on each count. He appeals from the denial of his petition for post-conviction relief. His petition alleged that his guilty plea was not voluntary and intelligent, that the trial court did not find an adequate factual basis for the plea agreement and that the trial court improperly failed to set forth a statement of aggravating and mitigating circumstances explaining the sentence imposed.

Silvers claims his plea was involuntary and unintelligent because the trial court did not advise him of his rights at the time of his plea as required by Ind.Code § 35–35–1–2 (Burns 1983 Supp.). He claims the trial court failed to inform him of the maximum and minimum possible sentences for the crimes charged, that prior convictions could increase his sentence, and that the court was not a party to, nor bound by, the plea agreement.

Silvers, as petitioner, bore the burden of establishing his grounds for relief by a preponderance of the evidence. Rule PC 1, Section 5, Ind. Rules of Procedure for Post-Conviction Remedies. The trial court which heard the post-conviction proceeding is the sole judge of the weight of the evidence and the credibility of witnesses. We reverse only when the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the post-conviction court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

The transcript of the guilty plea hearing shows the following exchange:

THE COURT: The State of Indiana has a statute that says should you be found guilty of murder or attempted murder —they're class A felonies—the punishment should be a period of imprisonment for a fixed term of thirty years with not more than twenty years added for aggravating circumstances or not more than ten years substracted for mitigating circumstances. In addition you may be fined not more than $10,-000. That's for the Class A felony. For the murder the statute provides a person who commits murder shall be imprisoned for a fixed term of forty years with not more than twenty years added for aggravating circumstances or not more than ten years substracted for mitigating circumstances. In addition you may be fined not more than $10,000. The punishment for a charge of murder, should you plead guilty or be found guilty, is not suspendable ... Do you understand the punishment provided by statute for each of the three offenses that have been charged against you?

MR. SILVERS: Yes, Your Honor.

THE COURT: Do you have any questions about that punishment?

MR. SILVERS: No, Your Honor.

THE COURT: There is a written recommendation. It has been executed by the prosecutor and if I accept a plea of guilty by you I am bound by the terms of that written recommendation....

The transcript of the guilty plea hearing demonstrates that the trial court advised Silvers in compliance with Ind.Code § 35–35–1–2. Although the words "minimum" and "maximum" were not used, the trial court effectively advised Silvers of the range of sentences for the charged offenses. Ind.Code § 35–35–1–2(a)(3). The trial court also conveyed to Silvers that it

was not a party to nor bound by the terms of the plea agreement. Ind.Code § 35–35–1–2(a)(4)(B). The objective of this statutory advisement is fairness to the accused. That goal may be achieved by portraying the court's role as independent of the plea agreement and by insuring that the acceptance of the plea and the sentence received are within the expectancies of the accused. *DeVillez v. State* (1981), 275 Ind. 263, 416 N.E.2d 846. The trial court created this perception of independence by noting that the document was "executed" by the prosecutor and that the court would be bound to its terms after accepting the plea.

■ The transcript does not contain any reference to the possibility of an increased sentence resulting from prior convictions, an advisement required by Ind.Code § 35–35–1–2(a)(3). However, Silvers had no adult record and only two alcohol-related juvenile offenses. The court is not required to advise the accused of the effects of prior convictions unless those convictions bear directly upon the length of sentence imposed under the plea agreement. *Creager v. State* (1985), Ind., 479 N.E.2d 47. The plea agreement stated a specific mitigated sentence for murder and specific aggravated sentences for the attempted murders. The record does not indicate that the trial court even considered Silvers' record. Because Silvers' juvenile offenses did not affect the length of his prison terms under the plea agreement, the trial court was not required to advise him that prior convictions could increase his sentence.

Silvers also claims the trial court failed to make certain advisements not required by statute but which he claims are "essential to an informed judgment prior to entering a plea of guilty." Specifically, Silvers claims the trial court should have informed him that: (1) by his pleas of guilty he was admitting the truth of all facts alleged in the information; (2) upon the entry of his pleas of guilty, the court would proceed with judgment and sentence; (3) that he had a right to continued representation by an attorney and (4) that he was forfeiting

his right to appeal a conviction obtained through trial and that he had the right to avail himself of post-conviction relief.

■ Though the prior guilty plea statute, Ind.Code § 35–4.1–1–3, required that the defendant be advised he was admitting the facts alleged in the information, this advisement is not required by Ind.Code § 35–35–1–2. In any event, during the guilty plea hearing, the prosecutor outlined the evidence which he would have introduced if the case had gone to trial. In response to the court's inquiry, Silvers stated that he did not dispute the facts as presented by the prosecutor. Where the defendant acknowledges the truth of a statement which contains the facts constituting the crimes charged, he cannot maintain in a post-conviction hearing that he was not advised that his guilty plea would be an admission to the truth of the facts contained in the information. *Sims v. State* (1981), Ind.App., 422 N.E.2d 436.

■ The trial court's failure to make the other three advisements suggested by Silvers was not error. The United States Constitution requires evidence that a defendant knew he was waiving certain rights at the time of his guilty plea as a basis for finding the plea voluntary and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *White v. State* (1986), Ind., 497 N.E.2d 893. Our legislature has seen fit to require a trial court to advise a defendant more extensively. Ind.Code § 35–35–1–2; Ind. Code § 35–4.1–1–4. The advisements urged by Silvers are not among those mandated by constitution or statute.

■ Silvers further claims that the trial court failed to find a sufficient factual basis for the plea agreement as required by Ind.Code § 35–35–1–3 (Burns 1983 Supp.). Silvers testified that he fired his .22 calibre rifle in the direction of the victim and his two companions. Silvers conceded that he fired the shots as the three men were leaving Silvers' home and that one of the shots hit the victim in the back of the head and killed him. Silvers also admitted that after

the shooting he went indoors, reloaded his rifle and shot in the direction of two police officers.

Silvers claims that these facts did not establish that Silvers knowingly or intentionally killed the victim or that he intended to kill either police officer. His claim is without merit. A proper factual basis for the entry of a guilty plea is established where the court asks the prosecutor to state the facts and the prosecutor reads the factual allegations contained in the information, the judge asks the defendant whether he admits the alleged acts, and the defendant admits the truth of the information. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126. That process occurred in this case. Furthermore, Silver admitted during the guilty plea hearing that he understood the nature of the crime charged and that his guilty plea was an admission that he committed the crime. Those remarks are sufficient to establish a factual basis for entry of the guilty plea. *Lombardo v. State* (1981), Ind., 429 N.E.2d 243.

Silvers also takes issue with the sentencing procedures. He claims the trial court did not fulfill its duty to state aggravating and mitigating circumstances before imposing sentence, citing Ind.Code § 35-38-1-3 (Burns 1984 Supp.). The requirement that the sentencing judge submit written findings, including a statement of reasons for selecting the sentence imposed, guards against the influence of improper factors at the trial level and facilitates meaningful appellate review. *Daniels v. State* (1983), Ind., 453 N.E.2d 160. When the judge accepts a plea agreement expressly dictating the sentence to be imposed, she is bound by its provisions and the threat of improper influence is forestalled. Thus, the trial court did not err by failing to state reasons for imposing sentence pursuant to a plea agreement. *Phillips v. State* (1982), Ind., 441 N.E.2d 201.

In addition to challenging the voluntariness of his plea, Silvers alleges that the post-conviction court did not provide sufficient findings of fact and conclusions of law to support its judgment. Ind. Rules of Procedure for Post-Conviction Remedies, PC Rule 1, Section 6. The post-conviction court's brief ruling stated:

> The court being duly advised in the premises now denies the petition of Dwayne B. Silvers for relief. In support of that ruling the court finds the petitioner was properly advised of his rights in the guilty plea hearing of August 12, 1983; the court adequately advised him of the maximum and minimum penalties; and the court found an adequate factual basis to support the plea of guilty.

Silvers contends the post-conviction court should have listed the challenged advisements individually and made specific findings of fact concerning each. Citing *Taylor v. State* (1985), Ind., 472 N.E.2d 891, he notes that post-conviction courts are required to make findings of fact sufficient to enable appellate courts to dispose of issues on appeal. Even where findings of fact and conclusions are law are inadequate, if the claims presented by petitioner are not claims which would entitled him to relief, the inadequacies are harmless. *Berry v. State* (1985), Ind., 483 N.E.2d 1369.

The judgment of the post-conviction court is affirmed.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without opinion.