**Bobby Joe BATES, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 485S134.**

Supreme Court of Indiana.

Jan. 5, 1988.

Susan K. Carpenter, Public Defender, Bev Cummings, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Bobby Joe Bates pled guilty to criminal deviate conduct, a class A felony, Ind. Code § 35–42–4–2 (Burns 1979 Repl.), and two counts of battery, a class C felony, Ind. Code § 35–42–2–1 (Burns 1979 Repl.). The trial court sentenced him to fifty years imprisonment for criminal deviate conduct to be served consecutive to concurrent terms of five years for the battery counts. Bates filed a Petition for Post–Conviction Relief, which the trial court denied. He appeals that denial, raising two issues:

1) Whether the trial court erred in accepting his plea to class A criminal deviate conduct because Bates failed to admit he committed the crime while armed with a deadly weapon, an element necessary to elevate the charge to a class A felony, and

2) Whether Bates' guilty plea was not knowing and voluntary because his counsel incorrectly advised him that he was eligible for a habitual offender charge.

### I. Factual Basis

Bates challenges acceptance of his guilty plea to criminal deviate conduct as a class A felony. Unlawful deviate conduct is a class A felony when committed by threat of deadly force or use of a deadly weapon. Ind. Code § 35–42–4–2. Because he failed to admit this element at the guilty plea

hearing, Bates contends that his guilty plea was invalid.

Bates advances two arguments in support of his contention. He alleges that the record does not provide a sufficient factual basis for his guilty plea. A trial court should refrain from entering judgment upon a plea of guilty "unless it is satisfied from its examination that there is a factual basis for the plea." Ind.Code § 35–4.1–1–4(b) (Burns 1979 Repl) (now Ind Code § 35–35–1–3(b) (Burns 1985 Repl.)) Bates also alleges that his failure to admit his use of a deadly weapon amounts to a protestation of innocence. The rule announced in *Ross v. State* (1983), Ind., 456 N.E.2d 420, 421, provides that "a judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time."

 The petitioner in post-conviction proceedings bears the burden to prove grounds for relief by a preponderance of the evidence. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. We will reverse only where the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the post-conviction court. *Silvers v. State* (1986), Ind., 499 N.E.2d 249.

At the guilty plea hearing, Judge Platt explained the elements of class A criminal deviate conduct to Bates, who indicated that he understood the elements of the crime. Bates also indicated that he understood the definition of a deadly weapon and the State's burden to prove all the elements of class A deviate conduct beyond a reasonable doubt. The judge explained the crime charged, and Bates indicated he understood the nature of the crime charged.

The judge asked,

Do you also understand that by entering a plea of guilty you admit each and every fact necessary to convict you of the charge, and when you say 'I am guilty of the offense' you in essence say, that on or about July the 17th, 1981, you did force [the victim] to submit to a deviate sexual conduct act of the penetration of his anus by your penis and that you did

so by threatening him with an ink pen, to stab him in the head. Do you understand that?

Bates responded, "Yes sir." Defense counsel then interjected that Bates was "basically making this as a best interest plea."

After Bates supplied the factual basis for the battery convictions, the judge asked him to relate the circumstances of the criminal deviate conduct. Defense counsel moved admission of the police report, consisting of the victim's statement, as the factual basis for Bates' plea. The judge admitted the report and summarized the facts to Bates.

The judge specifically asked Bates if there was any form of sexual contact; Bates admitted that there was. The judge also asked specifically if penetration occurred; Bates admitted it did. The judge then pointed out that, if the case went to trial, the determinative issue would be the use of force. Bates indicated that he understood. The judge indicated that the victim's statement included every element necessary to convict Bates of class A deviate conduct. Bates again indicated that he understood.

The judge then said, "And my understanding from what your attorney tells me is that you desire to enter a plea of guilty in this case. You do not admit that it was forcibly done or with deadly force, or while threatening with a deadly weapon, but nevertheless in light of the evidence, you desire to enter a plea of guilty, is that correct?" Bates answered, "Yes sir."

 A sufficient factual basis can be established by the defendant's admission that he understands the nature of the crime and understands that his guilty plea is an admission that he committed the crime. *Lombardo v. State* (1981), Ind., 429 N.E.2d 243. Bates indicated he understood the charges and that his guilty plea was an admission of the charges.

 A factual basis may also be established by the defendant's acknowledgment of the truth of a statement which contains the facts constituting the crime charged. *Silvers*, 499 N.E.2d at 252. Here, Bates

**382**

made admissions based on the victim's statement. Though he was never asked to admit the truth of the entire statement, Bates did not deny it.

Bates argues that the victim's statement cannot provide a factual basis for his plea because the statement was not sworn testimony. Evidence other than sworn testimony, however, may provide an adequate factual basis for accepting a guilty plea. *Sims v. State* (1981), Ind.App., 422 N.E.2d 436.

Bates asserts that "when no sworn testimony or witnesses are presented at the guilty plea hearing, and the defendant cannot substantiate the factual basis, the conviction must be reversed," citing *Anderson v. State* (1979), Ind.App., 396 N.E.2d 960. This seems too broad an interpretation of *Anderson*. In that case, Anderson asserted that he could not remember the alleged crime. There was no evidence of any sort introduced which could provide a factual basis for accepting the plea. Under those circumstances, the Court of Appeals reversed the denial of post-conviction relief.

Here, the victim's statement was properly admitted on the defendant's own motion. Bates made admissions based on it and did not challenge its veracity. The statement provided an additional factual basis to support the guilty plea. The record supports the court's finding of a sufficient factual basis in compliance with Ind. Code § 35–4.1–1–4(b).

Bates also argues that the court should not have accepted his guilty plea because it was termed a best interest plea. A defendant enters a best interest plea when he maintains his innocence but pleads guilty because he has accepted what he considers to be an advantageous bargain. Such a plea is allowed in the federal system. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In Indiana, acceptance of a guilty plea made together with a protestation of innocence constitutes reversible error. *Ross*, 456 N.E.2d at 423.

The fact that defense counsel called the plea a best interest plea is not determinative of the issue. Bates never denied that he committed the crime; he never denied the use of a deadly weapon. In fact, he indicated that he understood that his plea was an admission that he committed the crime charged. When the court stated, "you do not admit that it was forcibly done," Bates responded "Yes sir." This is not a protestation of innocence which renders the plea invalid under *Ross*.

While Bates never admitted the use of a deadly weapon, he likewise never denied it. The record reveals a sufficient factual basis for conviction of criminal deviate conduct, a class A felony, and Bates never protested his innocence. The trial court properly accepted the guilty plea.

## II. Habitual Offender Advisement

Bates alleges that his plea of guilty to both criminal deviate conduct and battery was not knowing and voluntary because his trial counsel had erroneously advised him that he was eligible to be charged as a habitual offender. A letter from counsel corroborates the claimed misadvice. Misadvice regarding potential habitual offender status may well be a factor in an unintelligent guilty plea. *See Nash v. State* (1981), Ind.App., 429 N.E.2d 666; *Munger v. State* (1981), Ind.App., 420 N.E.2d 1380.

In this case, Bates was properly advised about the possibility of habitual offender charges before his guilty plea was accepted. At the guilty plea hearing, the judge stated, "You are not eligible for an habitual...." Bates testified at the post-conviction hearing that he understood the judge's advice.

Q: When the judge told you that you were not eligible for the ... habitual offender charge at your guilty plea hearing, did that resolve all doubt in your mind?

A: Yes.

Q: That you were or were not eligible for the habitual offender?

A: That I were not.

Bates understood at the time his plea was entered that he was not eligible to be

charged as a habitual offender. Misadvice from his attorney did not render his guilty plea unknowing or involuntary.

The judgment of the post-conviction court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.