**John F. McKEOWN, Appellant**
**(Defendant Below)**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 64A03–8908–CR–347.**

Court of Appeals of Indiana,
Third District.

June 25, 1990.

Rehearing Denied Aug. 17, 1990.

James V. Tsoutsouris, Porter County Public Defender by Terry E. Johnston, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

John F. McKeown (McKeown) contests his convictions for two separate charges of driving with a suspended license, presenting the following issues for our review:

    I. Did McKeown have notice that his license was suspended on the two occasions when he was charged with driving with a suspended license?

    II. Did the trial court err by withdrawing McKeown's pauper counsel prior to his trial?

    III. Whether McKeown demonstrated that he was prejudiced because of his speech handicap and thus denied due process?

In January of 1983, McKeown was convicted of driving under the influence. His license was suspended from January 26, 1983 to January 26, 1984.

In January of 1986, McKeown was stopped by a police officer on the belief that McKeown was intoxicated. Although the officer determined that McKeown was *not* intoxicated, McKeown was driving with a suspended license and false vehicle identification. McKeown was charged with these latter two offenses. At his initial hearing, a public defender was appointed to McKeown's case.

Subsequently, in February of 1986, McKeown was stopped for speeding.

McKeown was again charged with driving with a suspended license, as well as speeding. The two charges were consolidated. However, in early October of 1986, the court conducted a hearing and determined that McKeown was not indigent. Thus, McKeown had to obtain private counsel.

A jury convicted McKeown on all four counts, and the court sentenced McKeown to 180 days in the Porter County Jail, fined him $25.00, ordered six months of unsupervised probation, and suspended his driver's license for one year. However, the court suspended the 180 day sentence, but for 20 days, which was to be served on the weekends.

I.

*Notice of License Suspension*

McKeown claims that in both instances he was not afforded sufficient notice that his license was suspended, contending that the State was required to prove that written notice of suspension was sent to him.

Contrary to McKeown's claim, the State need not prove that notice *was sent.* Rather, this is only one method of allowing an inference that the driver *knew* that his license was suspended.

> When the Bureau of Motor Vehicles mails notice of license suspension to the defendant's last known address, proof of such notice *would allow* the trial court *to infer* a defendant's knowledge. (Emphases added.)

*State v. Keihn* (1989), Ind., 542 N.E.2d 963, 968.

However, as our Supreme Court made clear:

> We conclude, therefore, that in a prosecution under Ind.Code § 9–1–4–52 the State must prove the defendant's *knowledge* of the suspension of his license. (Emphasis added.).

*Id.* Thus, a showing of *actual* knowledge of a suspended license would suffice, regardless of whether the required notice had been sent.

■ Therefore, concerning the February 1986 charge of driving with a suspended license it is apparent that McKeown knew that his license was suspended. In January of 1986, just one month earlier, McKeown had been stopped, informed that his license was suspended, and charged with this offense. It can hardly be argued that, in February of 1986, McKeown did not know that his license was suspended.

However, this argument does not apply to the January 1986 charge of driving with a suspended license. Again, the State had to prove that McKeown knew that his license was suspended when he was stopped in January of 1986. Obviously, the evidence does not indicate that McKeown actually knew that his license was suspended. Thus, reliance on an inference of knowledge via a mailing of notice remains.

■ At trial, although the State submitted McKeown's driving record as evidence that McKeown's license had been suspended from January of 1983 through January of 1986, this evidence contained two flaws.

First, the State made no effort to demonstrate that it *notified* McKeown that his license was suspended. While the abstract indicates that his license was suspended in January of 1983, no evidence indicates that McKeown was notified of this suspension by *any* mailing.

Second, the driving abstract only indicates that McKeown's license was suspended from January 1983 through January 1984. Under the heading "Action Date" on the driving abstract, the data indicates that McKeown's license was suspended from "01/26/83 to 01/26/84." Similarly, on the "Order of Suspension," the second paragraph reads:

Therefore, it is hereby ordered that your current driving license is suspended for a determinate period of 1 year from the date effective as shown above.

State's Exhibit # 3, page 1, Record, p. 165A. This is in accord with the summary at the top of the Order, which reads:

Date suspension effective: 01–26–83; Expiration Date, determinate period of suspension: 01–26–84.

State's Exhibit # 3, page 5, Record, p. 165A. Thus, as the records of the Bureau of Motor Vehicles indicate, McKeown's license was suspended for only a one year term; the State did not show that McKeown had the requisite notice that his license was suspended at the time he was stopped in January of 1986.

Accordingly, we reverse his conviction as to the January 1986 charge of driving with a suspended license.

## II.

### *Pauper Counsel*

McKeown also alleges that the court erred by withdrawing his previously assigned pauper counsel and ordering him to obtain private counsel. However, because we *sua sponte* address an issue of fundamental error, we do not address this question, nor do we reach Issue III.

■ At his initial hearing in January of 1986, the judge found McKeown to be indigent and ordered that he be represented by a public defender. A trial date was ultimately set for the last week in October. However, in May of 1986, the Judge appointed an attorney to act as Judge pro tem in McKeown's case. (Record, p. 21).

Subsequently, at a hearing held on October 3, 1986, McKeown's public defender claimed that McKeown had the means to obtain private counsel. After the hearing, the judge pro tem determined that McKeown was not indigent. The judge pro tem withdrew the previously assigned public defender and set new pre-trial and trial dates, to allow McKeown time to obtain private counsel.

At that time, McKeown informed the Judge pro tem that he would not be obtaining counsel, but that he would handle his own case.

[Mr. McKeown:] ... But now, I see I'm going to have to go pro se. I cannot afford an attorney and I will not get one.

Record, p. 143, 11. 20–21. However, although McKeown informed the court that he would handle his case pro se, the court

did not inform McKeown of the consequences of his choice.

Attached to the right to counsel found in both the Indiana and United States Constitutions, is "the right of a criminal defendant to waive counsel and represent himself." *Kirkham v. State* (1987), Ind.App., 509 N.E.2d 890, 892, *reh. denied, trans. denied.* Where such an election is made, "it must be shown that [the defendant] knowingly and voluntarily waived his right to be represented by counsel." *Id.* As it is the duty of the trial court to determine if the defendant made a knowing and voluntary waiver, "[t]he trial judge, therefore, must establish a record showing that the defendant was made aware of the nature, extent, and importance of the right and the consequences of waiving it. Merely making the defendant aware of his constitutional right is insufficient." *Id.*

Here, the record contains no indication that the trial court informed McKeown of the consequences of waiving so important a right. Accordingly, as held in *Kirkham, supra,* at 892, because McKeown was not informed as required, he "did not knowingly and voluntarily waive his right to representation by counsel, and his conviction should be reversed."

Therefore, we reverse McKeown's convictions with orders to grant a new trial.

Reversed.

CONOVER, J., concurs.

HOFFMAN, P.J., concurs in result.