**Dean Shane DOWELL,
Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 55A01–9003–CR–125.**

Court of Appeals of Indiana,
First District.

Aug. 6, 1990.

Michael C. Ice, McNutt, Hurt & Blue, Martinsville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

BAKER, Judge.

## STATEMENT OF THE CASE

Defendant-appellant Dean Shane Dowell (Dowell) appeals his convictions for forgery [1] and theft [2].

We reverse and remand for a new trial.

## STATEMENT OF THE FACTS

On July 19, 1989, Dowell appeared before the Magistrate in Morgan County for an initial hearing. The Magistrate advised Dowell of his constitutional rights and of the charges against him. Dowell stated at that time that he would be employing counsel. When Dowell failed to obtain counsel,

1. IND. CODE 35–43–5–2.

2. IND. CODE 35–43–4–2(a).

the Magistrate held a hearing on the issue of appointment of pauper counsel. At this hearing, Dowell stated he was attempting to contact a particular attorney and that he did not need pauper counsel. Dowell asked if he could speak for himself in the event that he was unable to employ counsel, and the Magistrate informed him that he had that right.

The trial court then issued an order appointing counsel for Dowell. Dowell refused the appointed counsel's services, and upon the court's order, counsel continued to serve in an advisory capacity only.

Prior to voir dire, the court asked Dowell on two occasions if he wanted to represent himself, and Dowell responded affirmatively. The court informed Dowell he would be held to the same standards as an attorney. Dowell represented himself at voir dire and at the trial. Prior to his closing argument, Dowell requested that his advisory counsel be permitted to conduct the final summation. The court denied this request, and Dowell conducted his own closing argument. He was convicted of theft and forgery and was sentenced to concurrent terms of five and two years.

## ISSUES

Dowell presents three issues for our review:

I. Whether he made a clear and unequivocal assertion of his right to self-representation.

II. Whether he knowingly, voluntarily, and intelligently waived his right to counsel.

III. Whether the trial court abused its discretion when it denied Dowell's request for stand-by counsel to deliver the final argument of the defense.

## DISCUSSION AND DECISION

### I.

■ Dowell first argues he did not clearly and unequivocally assert his right to represent himself, and the court thus erred by allowing him to do so. The Sixth Amendment to the United States Constitu-

tion guarantees to a criminal defendant the right to represent himself if he so chooses. *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562; *Anderson v. State* (1977), 267 Ind. 289, 370 N.E.2d 318, *cert. denied*, 434 U.S. 1079, 98 S.Ct. 1273, 55 L.Ed.2d 786. As a prerequisite to the assertion of the right of self-representation, there must be a clear and unequivocal request to proceed pro se. *Anderson, supra.* "It must be, 'sufficiently clear that if it is granted the defendant should not be able to turn about and urge that he was improperly denied counsel.'" *Id.* 370 N.E.2d at 320 (quoting *Meeks v. Craven* (9th Cir.1973) 482 F.2d 465).

Dowell relies on *Anderson, supra* for the proposition that he did not clearly and unequivocally assert his right to self-representation. In *Anderson,* the defendant told the court he would rather represent himself if he could not obtain his own attorney. The court subsequently appointed public defenders to represent the defendant, and the defendant accepted these attorneys. *Id.* at 320. The defendant in *Anderson* did not mention self-representation again. The court held there was not a clear and unequivocal assertion of the right to proceed pro se. *Id.*

■ The present case is factually distinguishable from *Anderson, supra.* In this case, Dowell inquired of the Magistrate whether he could "talk for [himself]" if he was unsuccessful in hiring his own attorney. *Record* at 216. The trial court subsequently appointed counsel for Dowell, and Dowell indicated he did not want the services of this appointed attorney. Prior to the trial, Dowell was asked twice if he wanted to represent himself and each time he responded affirmatively. We conclude Dowell made a clear and unequivocal request to proceed pro se.

### II.

■ Dowell next argues that he did not knowingly, voluntarily and intelligently waive his right to counsel because the court did not fully explain to him the consequences of self-representation. The right to counsel can only be relinquished by a

knowing, voluntary, and intelligent waiver of the right. *Russell v. State* (1978), 270 Ind. 55, 383 N.E.2d 309; *McKeown v. State* (1990), Ind.App., 556 N.E.2d 3. When the right of self-representation is properly asserted by a clear and unequivocal request within a reasonable time prior to the trial, the court needs to hold a hearing to determine the defendant's competency to represent himself and to establish a record of his waiver of his right to counsel. *Russell, supra*, 383 N.E.2d at 315; *McKeown, supra* 556 N.E.2d at 6. "*Faretta* itself mandates that such a record of waiver be established, and also advises that the pro se defendant should be advised of the dangers and disadvantages of self-representation." *Id.* 383 N.E.2d at 314. Waiver of the assistance of counsel may not be inferred from a silent record. *Jackson v. State* (1982), Ind.App., 441 N.E.2d 29.

■ In this case, Dowell was not advised of the dangers and disadvantages of self-representation. At Dowell's initial hearing, the Magistrate informed Dowell of his constitutional rights and of the charges against him. He asked Dowell if he read and understood the English language and if he was currently under the influence of drugs or alcohol. The Magistrate said nothing about the dangers and disadvantages of self-representation. Prior to trial, the trial court told Dowell he would be held to the same standards as an attorney regarding the law and procedure. The court then informed Dowell of the general pattern of the trial. The court did not advise Dowell of the dangers and disadvantages he would risk by representing himself.[3]

Waiver of assistance of counsel may be established based upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. *Id.* There was no showing here, circumstantial or otherwise, that Dowell was aware of the benefits legal counsel could provide and the importance of those benefits at trial. Dowell's conduct actually militates against the conclusion that he knowingly and intelligently waived the right to counsel. A Motion in Limine filed by the State requested the court to order Dowell to refrain from approaching witnesses on the witness stand because "[t]he defendant has a history of unstable and dangerous acts." *Record* at 40. In addition, during pre-trial discussion of this motion the State alleged that Dowell had previously exhibited dangerous tendencies and "actually exhibited unstable behavior." *Record* at 236.[4] These allegations placed some duty on the court to ascertain the competency of the defendant to make a knowing and intelligent waiver of his right to counsel. No such record of waiver was established. Dowell's waiver of the right to counsel was not knowing, intelligent, and voluntary.

We recognize the tension between the right to counsel and the right of self-representation, and the difficult position in which this places the trial court. Because these rights are reciprocal, to assert one necessitates a waiver of the other. If the trial court allows the defendant to proceed pro se, it may have denied the defendant the right to counsel, and if the trial court appoints counsel, it may have violated the defendant's right to proceed pro se. *Strozier v. Newsome*, 871 F.2d 995 (11th Cir. 1989). Therefore, to establish a knowing, intelligent, and voluntary waiver of a defendant's right to counsel, trial courts should use the following guidelines which are based on the everyday realities of criminal trials.

■ The defendant should know of the nature of the charges against him, the possibility that there may be lesser included offenses within these charges, and the possibility of defenses and mitigating circumstances surrounding the charges. The defendant should be aware that self-represen-

---

3. We note the trial court's appointment of standby counsel was an appropriate prophylactic device, *Jackson, supra*, but we do not believe this appointment obviates the need for an advisement of the dangers and disadvantages of self-representation.

4. The court took this motion under advisement, and stated it would rule on the motion if Dowell's actions became a problem. The court did not rule on the motion.

tation is almost always unwise, that the defendant may conduct a defense which is to his own detriment, that the defendant will receive no special indulgence from the court and will have to abide by the same standards as an attorney as to the law and procedure, and that the State will be represented by experienced professional legal counsel.

Specifically, the defendant should be instructed that an attorney has skills and expertise in preparing for and presenting a proper defense not possessed by the defendant. These include, among other things: (1) investigating and interrogating witnesses; (2) gathering appropriate documentary evidence; (3) obtaining favorable defense witnesses; (4) preparing and filing pre-trial motions; (5) preparing appropriate written instructions for the jury; (6) presenting favorable opening and closing statements; (7) examining and cross-examining witnesses at trial; and (8) recognizing objectionable, prejudicial evidence and testimony and making proper objections thereto.

Finally, the trial court should inquire into the educational background of the defendant, the defendant's familiarity with legal procedures and rules of evidence, and additionally, into the defendant's mental capacity if there is any question as to the defendant's mental state. If the defendant chooses to proceed *pro se*, he should realize he cannot later claim inadequate representation. *See U.S. v. Allen*, 895 F.2d 1577 (10th Cir.1990); *Strozier, supra; Fitzpatrick v. Wainwright*, 800 F.2d 1057 (11th Cir.1986); *Jackson, supra; State v. Quinn*, 565 S.W.2d 665 (Missouri, 1978); *People v. Lopez*, 71 Cal.App.3d 568, 138 Cal.Rptr. 36 (1977); *People v. Burnett*, 188 Cal.App.3d 1314, 234 Cal.Rptr. 67 (1987).

As we have already stated above, waiver of the right to counsel may be established by the particular facts and circumstances surrounding the case. *Jackson, supra.* If the background, experience, and conduct of the defendant do not clearly indicate waiver, the trial court, with reference to the above guidelines, must make an inquiry sufficient to establish a knowing, voluntary, and intelligent waiver of the right to counsel.

### III.

■ Although not necessary to our decision, we address Dowell's final argument that the court erred when it refused to allow his stand-by counsel to conduct the closing argument. We agree with Dowell. A trial court's ruling on midtrial requests for a change in representation will be reversed only upon a showing of an abuse of discretion. *Koehler v. State* (1986), Ind., 499 N.E.2d 196. The supreme court, in *Koehler, supra,* adopted factors to be considered by a trial court in order for the court to exercise meaningful discretion in ruling on a defendant's request to change from self-representation to counsel-representation. These factors include the defendant's prior history in the substitution of counsel and in the desire to change from self-representation to counsel-representation, the reasons set forth for the request, the length and stage of the trial proceedings, disruption or delay which reasonably might be expected to ensue if the motion is granted, and the likelihood of the defendant's effectiveness in defending against the charges if the motion is denied. *Id.* at 199.[5]

Dowell made his request prior to his closing argument. This was the first time he had indicated that he wanted to change from self-representation to counsel-representation, and Dowell had not previously made requests for substitution of counsel. Dowell's performance prior to this stage of the trial had been less than effective; the record shows his questions to witnesses were often ambiguous, irrelevant, and repetitive. Dowell had stand-by counsel who was present throughout the trial and who may have been prepared to assume representation. We do not say that the court necessarily should have granted the re-

---

**5.** We reiterate that a waiver of the right to counsel must be explicit. *See Kimberling v.* *State* (1990), 556 N.E.2d 1331.

quest; however the trial court should have considered the above factors.

In response to Dowell's request for stand-by counsel to conduct the closing argument, the trial court simply stated "for reasons that I am not at liberty to go into, that would be inappropriate at this point." *Record* at 502. It does not appear from the record that the trial court considered the above factors or even asked Dowell what his reasons were for the request. As the supreme court stated in *Koehler*, "[i]t would be illogical to bar all opportunities for reasserting one's right to counsel once a defendant realizes his mistake in proceeding pro se." *Id.* at 199. Dowell realized his error, and was entitled to a consideration of the factors cited in *Koehler, supra,* upon a ruling on his request. The trial court abused its discretion in summarily denying Dowell's request for stand-by counsel to conduct the closing argument.

We base our decision on the second issue addressed in this opinion. Because Dowell did not knowingly, intelligently and voluntarily waive his right to counsel, the convictions are reversed and this cause is remanded for a new trial.

MILLER, P.J., and ROBERTSON, J., concur.