Larry A. SEDBERRY, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 34A02–9205–PC–231.

Court of Appeals of Indiana,
Second District.

March 15, 1993.

Transfer Denied May 6, 1993.

⬅641.4(4)

John C. Wood, Kokomo, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

FRIEDLANDER, Judge.

## CASE SUMMARY

Appellant-petitioner Larry Sedberry (Sedberry) appeals from the denial of his petition for post-conviction relief.

We affirm.

## FACTS

The facts most favorable to the post-conviction court's decision reveal that in July 1987, Sedberry was charged with operating a vehicle while intoxicated,[1] a class A misdemeanor. At his initial hearing, he was informed of his constitutional rights, including his right to have an attorney. While he indicated he wished to have an attorney, he stated he could not afford to hire counsel. After a brief examination, the trial judge determined that Sedberry was not indigent and could afford an attorney.

Sedberry was also informed of the charge against him and the consequences if he was found guilty. Sedberry entered an initial plea of not guilty, was informed that a written request was necessary to obtain a jury trial, warned not to drive because his license would be suspended, and given the date of his scheduled bench trial.

After several continuances, Sedberry appeared in court without an attorney and expressed a desire to plead guilty. Sedberry was again informed of the charge against him, his constitutional rights and the consequences of a conviction, including the possible jail time, fines and the suspension of his driving privileges. Sedberry stated he was representing himself of his own free will, willingly, voluntarily and intelligently.

The trial court accepted Sedberry's guilty plea and sentenced him to a one-year term of imprisonment, which was suspended, and he was placed in an alcohol and drug services program. In August 1991, Sedberry petitioned for post-conviction relief. After a hearing, Sedberry's petition was denied.

## ISSUES

1. Whether there was a sufficient factual basis to support Sedberry's guilty plea?

2. Whether Sedberry knowingly and voluntarily waived his right to counsel?

## DECISION

ISSUE ONE—Was a sufficient factual basis established to support Sedberry's guilty plea?

PARTIES' CONTENTIONS—Sedberry claims that a sufficient factual basis was not established because there was insufficient evidence presented to demonstrate that he was intoxicated on the night he was stopped. He also argues that because the State did not file an answer to his petition for post-conviction relief, his claims were deemed admitted and he was therefore entitled to relief. The State responds that the evidence was sufficient to show Sedberry was intoxicated and that his petition raised only questions of law, which were not deemed admitted upon the State's failure to answer Sedberry's petition.

CONCLUSION—There was a sufficient factual basis to support Sedberry's guilty plea.

1. Ind.Code 9–11–2–2, recodified at Ind.Code 9–30–5–2.

■ A sufficient factual basis can be established by the defendant's admission that he understands the nature of the crime and understands that his guilty plea is an admission that he committed the crime. *Bates v. State* (1988), Ind., 517 N.E.2d 379; *Silvers v. State* (1986), Ind., 499 N.E.2d 249; *Lombardo v. State* (1981), Ind., 429 N.E.2d 243.

■ At the guilty plea hearing, Sedberry acknowledged that he understood that he was admitting the truth of the information, which provided that he operated a vehicle while intoxicated, and that he was guilty of an A misdemeanor. *Record* at 83–84. When asked to relate his version of the events, Sedberry admitted that he had consumed several beers before he drove, that he was on medication which had aggravated the effects of the alcohol, and that he refused to take the breathalyzer. *Record* at 85–87. The arresting officer's probable cause affidavit provided that Sedberry was driving erratically and had hit the curb three times before he was stopped and that he failed a dexterity test. *Record* at 3. We conclude this evidence established that Sedberry was intoxicated and was a sufficient factual basis to support the acceptance of his plea. *See Bates, supra; Silvers, supra; Lombardo, supra.*

■ We also reject Sedberry's argument that his claim was deemed admitted by the State's failure to file an answer to his petition for post-conviction relief. In *Williams v. State* (1986), Ind.App., 489 N.E.2d 594, we determined that, while factual allegations in a post-conviction relief petition were deemed admitted by the State's failure to file an answer, questions of law were not similarly admitted. The facts here were undisputed; the only question to be decided was the legal significance of those undisputed facts. Sedberry was therefore not entitled to relief because the State failed to file an answer to his petition.

ISSUE TWO—Did Sedberry willingly and voluntarily relinquish his right to counsel?

PARTIES' CONTENTIONS—Sedberry asserts that he was not adequately advised about the hazards of proceeding without an attorney and therefore he did not voluntarily waive his right to counsel. The State replies that Sedberry was sufficiently warned of the consequences of his election to proceed pro se.

CONCLUSION—Sedberry's right to counsel was willingly and voluntarily waived.

■ When a defendant has chosen to waive his right to counsel, it is the trial court's duty to determine if the waiver was knowing and voluntary. The trial court must establish a record showing that the defendant was aware of the nature, extent, and importance of the right and the consequences of waiving it. Merely informing the defendant of his constitutional rights is insufficient. *Leonard v. State* (1991), Ind., 579 N.E.2d 1294; *McKeown v. State* (1990), Ind.App., 556 N.E.2d 3; *Kirkham v. State* (1987), Ind.App., 509 N.E.2d 890, *trans. denied; see also Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562.

The record shows that at his initial hearing, Sedberry was informed of his constitutional rights, including his presumption of innocence, a right to public and speedy jury trial, a right to an attorney including the possibility of appointed counsel if he could not afford an attorney, the right to cross-examine witnesses and call witnesses on his own behalf. *Record* at 70–73. While Sedberry indicated he wanted appointed counsel, the trial court determined that he was not indigent and could afford an attorney. *Record* at 73–74. He was also informed of the consequences of a conviction. *Record* at 74–75.

When he appeared for trial without an attorney in May 1988, Sedberry indicated he wished to plead guilty. The trial court informed him of the grave consequences of proceeding without counsel and pleading guilty:

"You understand sir if you plead guilty to Driving While Intoxicated and refusing to take the breath test, the Implied Consent element, you are guilty of the A Misdemeanor found in 9–11–2–2 of the Indiana Code. The maximum penalty for that is one year and/or $5,000.00 fine

plus court costs. The minimum is no days no fine, court costs. Maximum penalty as far as your license goes would be two year license suspension. Minimum would be one year. It says that on or about the 25th day of July, 1987, Larry A. Sedberry operated a vehicle while intoxicated at Center Road and U.S. 31 in Howard County. You are admitting the truth of this information, giving up your right to a public and speedy trial by Judge or by jury, to cross-examine Officer McKay, to call your own witnesses at no cost to you, to remain silent and have the Prosecutor prove you guilty beyond a reasonable doubt, the right to a change from this judge or this county for good reason, the right to be represented by Counsel and if you want counsel and don't have the means money or credit, you could get the Public defender appointed for you and you have to understand sir if you plead guilty this will be on your record as a violation at the Bureau of Motor Vehicle and it is one of the offenses for which it counts toward the habitual traffic offender."

*Record* at 83–84.

Sedberry was therefore aware of the repercussions of proceeding without an attorney and pleading guilty. In *Leonard, supra,* our supreme court decided that when reviewing a defendant's waiver of the right to counsel, there are no rigid requirements setting forth specific inquires that must be made by the trial court before it can be determined that a particular defendant's waiver of counsel was voluntary. Rather, the court in *Leonard* looked to the facts in the record to determine whether the waiver was voluntary.

█ Turning to the facts here, none of the typical consequences of waiving counsel and proceeding to trial were present because of Sedberry's decision to plead guilty. There was no reason to advise Sedberry about the perils of attempting to try his case without an attorney, or give him any of the other warnings usually given to pro se defendants because he was not going to trial. Sedberry has not demonstrated any deficiency in the trial court's advisement, and he has offered no possible alternatives to the trial court's admonitions. After reviewing the trial court's comprehensive admonishment, we conclude that Sedberry was sufficiently informed of the nature of the charge against him and the possible consequences of his decision to waive his right to counsel and plead guilty. He therefore voluntarily and knowingly chose to exercise his right to represent himself and waived his right to counsel.

Judgment affirmed.

SULLIVAN, J., concurs.

MILLER, J., dissents with opinion.

MILLER, Judge, dissenting.

While I might agree with the majority that there was a sufficient factual basis to support Sedberry's guilty plea, I would reverse because the majority ignores established precedent in finding that Sedberry knowingly, voluntarily, and intelligently waived his right to counsel. In Sedberry's case, the facts are not in dispute. The court made no attempt to explain any of the pitfalls and hazards of proceeding *pro se* or the benefits of having counsel when he pled guilty. The record shows only the following question at the hearing:

Q. (The Court): All right. You're representing yourself at your own free will, willingly and voluntarily and intelligently?

A. (By Sedberry): At this time, yes.

R. 85.

The brief colloquy above is not sufficient to establish a knowing, voluntary and intelligent waiver of Sedberry's fundamental right to counsel at every critical stage of the proceedings against him.

In *Martin v. State* (1992), Ind.App., 588 N.E.2d 1291, we addressed this issue and noted that a "defendant has the right to counsel at all critical stages of the proceedings against him." *Id.* at 1293 *citing Williams v. State* (1990), Ind., 555 N.E.2d 133. A proceeding is a "critical stage" if "the defendant is confronted with the intricacies of the law or the advocacy of the public prosecutor or prosecuting authorities." *Id.* It seems to me that there can

be no more critical stage of a criminal proceeding than the decision to plead guilty and waive one's right to a trial by the court or a jury. Apparently, our legislature agrees since there is an entire statute devoted to guilty pleas—I.C. 35–35–1–1 et seq. However, the majority, in effect, holds that Sedberry was entitled to a warning of the perils of proceeding to trial without counsel but was not entitled to such advisement if he chose to plead guilty.

Sentencing is considered a "critical stage" of the proceedings and thus a defendant is entitled to assistance of counsel at this stage. *Martin, supra; Guajardo v. State* (1989), Ind.App., 544 N.E.2d 174.

In *Martin,* the defendant had pled guilty. At the sentencing hearing, he appeared with counsel and stated he wished to: (1) replace his counsel; and (2) withdraw his guilty plea. The trial court allowed counsel to withdraw, set a hearing on the guilty plea withdrawal motion, and refused to appoint pauper counsel because Martin was uncooperative—he refused to tell the trial court where he was living. At the hearing on Martin's motion to withdraw his guilty plea, Martin appeared without counsel. Nevertheless, the hearing went forward. Martin's motion was denied and the sentencing hearing commenced. In reversing the denial of Martin's PCR petition, Judge Barteau explained:

"The right to counsel can only be relinquished by a knowing, voluntary, and intelligent waiver of the right." *Dowell v. State* (1990), Ind.App., 557 N.E.2d 1063. Whenever a defendant proceeds *pro se,* it is incumbent upon the trial court to determine if the waiver of the right to counsel is made knowingly and voluntarily. *Kirkham v. State* (1987), Ind.App., 509 N.E.2d 890, 892. To make

such a determination, the trial court *must* conduct a hearing to determine the defendant's competency to represent himself and also to establish a record of the waiver. *Dowell, supra* (emphasis added). The record must show that the defendant was made aware of the "nature, extent, and importance" of the right to counsel and the necessary consequences of waiving such a right. *Kirkham, supra.* "Merely making the defendant aware of his constitutional right is insufficient." *Id.* "[T]he trial court should inquire into the educational background of the defendant, the defendant's familiarity with legal procedures and rules of evidence, and additionally, into the defendant's mental capacity if there is any question as to the defendant's mental state."[1] *Dowell, supra.* However, the trial court need not specifically inquire into each of the guidelines enunciated in *Dowell.* It is sufficient if the record reveals that, after being appraised of the advantages of representation by counsel and the pitfalls of self representation, a defendant voluntarily, knowingly, and intelligently chooses self-representation. *Leonard v. State* (1991), Ind., 579 N.E.2d 1294.

*Martin, supra,* at 1293.

The record in this case does not show a voluntary, knowing, and intelligent waiver of the right to counsel at all critical stages of the proceedings. I would reverse.

---

1. "For example, the defendant should be made aware that self-representation is almost always unwise, that the defendant may conduct a defense which is to his own detriment, that he will receive no special indulgence from the court and will have to abide by the same standards of an attorney.

The defendant should be instructed that an attorney has skills and expertise in preparing for and presenting a proper defense not possessed by the defendant, such as: investigating and interrogating witnesses; gathering documentary evidence; obtaining favorable defense witnesses; preparing and filing pre-trial motions; preparing jury instructions; conducting direct and cross-examination at trial; and recognizing objectionable, prejudicial evidence and making proper objections thereto.

The trial court should inquire into the educational background of the defendant, his familiarity with legal procedures and rules of evidence." *Dowell, supra,* at 1066–1067.