Troy L. **ASHCRAFT,** Appellant (Defendant Below),

v.

**STATE** of Indiana, Appellee (Plaintiff Below).

No. 69S05–9808–CR–454.

Supreme Court of Indiana.

Oct. 5, 1999.

Mark E. Jones, Batesville, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, John B. Herriman, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

ON PETITION TO TRANSFER

SELBY, J.

Troy L. Ashcraft was arrested on October 30, 1996 for driving with a suspended license in violation of his probation agreement. The trial court determined that Ashcraft had violated a condition of his probation agreement and revoked his probation. The Court of Appeals reversed, concluding that, because the State produced no evidence Ashcraft was ever mailed a letter of suspension, the State had failed to meet its burden of proof. *See Ashcraft v. State,* 693 N.E.2d 984, 988 (Ind.Ct.App.1998). We granted transfer, 706 N.E.2d 168 (Ind.1998), to resolve the confusion regarding the necessity of mail notice.

In *Ashcraft,* the Court of Appeals interpreted our holding in *Fields v. State,* 679 N.E.2d 898 (Ind.1997), to require proof of mail notice to sustain any conviction for driving with a suspended license, whether the defendant was a habitual offender or not. *See* 693 N.E.2d at 986–87. Proof of actual mail notice is not required, however, in all circumstances. We found that actual mail notice was necessary in *Fields* precisely because Fields was a habitual offender and, under the habitual offender statute,[1] the State must establish actual mail notice as an evidentiary prerequisite. *See Fields,* 679 N.E.2d at 901 n. 6.

The Court of Appeals deduced that we established mail notice as required to support any conviction for the operation of a motor vehicle with a suspended license. *See Ashcraft,* 693 N.E.2d at 986–87. In so doing, the court mistakenly relied on *McKeown v. State,* 556 N.E.2d 3 (Ind.Ct.App.1990), a case not involving a habitual offender. *See id.* In *Fields,* however, we overruled *McKeown v. State,* 601 N.E.2d 462 (Ind.Ct.App.1992), a different case in

---

1. *See* Ind.Code Ann. § 9–30–10–5(a) (West 1992) (requiring the Bureau of Motor Vehicles to mail a notice of suspension to habitual offenders).

which the defendant **was** a habitual offender, to the extent that it did not require the State to prove actual mail notice. *See Fields,* 679 N.E.2d at 901 n. 6. Thus, *Fields* established that proof of mail notice is necessary to sustain the conviction of a habitual offender.

 This case comes to us after Mr. Ashcraft's probation on a non-traffic conviction was revoked for the offense of driving after his license was suspended. The question is whether, under the lowest standard of proof known to the legal system, preponderance, the trial judge could conclude that Ashcraft knew he was driving while suspended.

When a sheriff's deputy stopped Ashcraft on October 24, 1996, he already knew that Ashcraft's license had been suspended. When the officer asked Ashcraft for his license, he replied: "I don't have one," and then added, "I should be able to get em back here real quick." (R. at 37.) This statement suggests that Ashcraft knew his license had been suspended.

But, of course, this is not the only evidence in the record about Ashcraft's knowledge. After all, the officer who arrested Ashcraft on October 24th gave him a summons for the offense of driving while suspended and engaged him in discussion about whether it was all right to leave his truck parked at the side of the road. "I told him that he could have a, uh, licensed driver come back and get it for him." (R. at 40.)

About a week later, when the Osgood Town Marshall also stopped Ashcraft for driving while suspended, he discovered that Ashcraft had on his person the citation for driving while suspended issued to him on the 24th. He issued Ashcraft a second citation. Unsurprisingly, this time the officer decided to have Ashcraft's truck towed away. It was apparently the only way to keep him from driving it.

Having heard counsel's argument that there was no evidence that Ashcraft knew his license was suspended, Judge Taul said, "I'm sorry, I just cannot swallow this case." (R. at 55.) "[I]f he did not know it on the 24th," Judge Taul observed, "he certainly knew it on the 30th." (R. at 55–56.) The preponderance of the evidence test was met.

Accordingly, we affirm the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN, and BOEHM, JJ., concur.